RODGERS *v.* FURSE.

83  115
97  449

The plaintiff may consent for a judgment in his favor to be set aside by the court. but it must be subject to the right of his attorney for fees, and afterwards the attorney may proceed to establish his right for fees, in doing which he must establish the plaintiff's right to recover on the state of facts existing at the time the case was first disposed of, independently of the question of fees.

(a) Under the facts of this case, the trial judge did not abuse his discretion in setting aside the judgment.

April 10, 1889.

Judgments.    Attorney and client.    Liens. . Practice. Before Judge MARSHALL J. CLARKE.    Fulton superior court.    September term, 1888.

A suit on a promissory note for $584.35 and interest was brought to the March term, 1888, of Fulton superior court, by Geo. C. Furse against J. A. Furse, of Barnwell county, South Carolina, and Mrs. H. A. Furse, of Fulton county, Georgia. She was served; J. A. Furse was not. On April 21, 1888, Simmons & Corrigan, defendants' attorneys, filed a plea of the general issue for both defendants, and a plea of set-off for Mrs. Furse; but these pleas were not sworn to. On November 8, 1888, on motion of Robert L. Rodgers, plaintiff's attorney, an amendment was allowed, striking the name of J. A. Furse and leaving the suit to proceed against Mrs. Furse alone; and on the same day a judgment by default was taken against her. On December 3, 1888, she moved to set the same aside on the following grounds :

(1) She had a good defence to the action comprised in her pleas, which were filed at the appearance term, but which, since soon after their filing, have been in the hands of plaintiff's attorney, and knowledge was brought home to plaintiff of their existence; and she was under the impression that they were verified, but her counsel had no opportunity of examining them, they not being in the clerk's office but in possession of

plaintiff's counsel since May 5, 1888; and she would have sworn, and intended to swear to them, and would have sustained them by evidence.

(2) She had another good defence to the action, to wit, payment. Plaintiff's attorney, Robert L. Rodgers, in March, 1888, four months after the case was filed, sent the same note on which it was predicated, to Geo. A. Bates, attorney at law, in Barnwell, South Carolina, with instruction to sue thereon and make the money. Suit was entered; this defendant was served with process from the court of common pleas of Barnwell county, South Carolina; and judgment was taken July 19, 1888, which judgment included attorneys' fees as allowed in the note. When she was apprised of this judgment, she had settled with the plaintiff, her son, and was given by him an instrument of satisfaction of the debt, which instrument she filed in said court of common pleas as a part of the record of the case. Afterwards, on August 21, 1888, she paid to Bates, acting as agent for Rodgers and appearing as attorney of record, the full amount of attorneys' fees allowed by the court, together with fee-bill, commissions, costs, etc., and had the judgment marked satisfied.

(3) Plaintiff's attorney, Rodgers, wilfully misled defendant's attorney by deceiving him as to the day on which the case was to be called and tried. The case, after having gone on calendar from week to week, was set on the calendar for Tuesday, November 6, 1888; and not being reached on that day, went over to the next when the court made announcements and adjourned to Thursday. Defendant's counsel was exercising due diligence, and was ready to try the case; but being informed and believing that all of Tuesday's business went over till Friday, consulted Rodgers, who made him believe it did go over to Friday, when in fact it went for Thursday; and Rodgers, having secured defendant's

counsel's absence, and being responsible for it, went to court on Thursday and took judgment by default.

(4) After being instructed by his client, Geo. C. Furse, the plaintiff, to dismiss the case, and being informed that the note had been paid and that plaintiff would pay him his fee, Rodgers persisted in pressing the case to judgment for the purpose of compelling defendant to pay fees to which he was not, in law or good conscience, entitled.

(5) Defendant had to present to the court an instrument of satisfaction; and Rodgers knew that such instrument was in the hands of the defendant.

(6) Rodgers did not, at the time of taking the judgment exhibit to the court the original note sued upon.

(7) "The striking of the name of J. A. Furse, as principal on said note sued upon," was illegal, there being no return of the sheriff as to him.

To this motion Rodgers filed his sworn answer, to the following effect: Simmons & Corrigan knew that the plea they filed was not under oath. They had all the papers in the case until May, 1888, and it was only by persistent effort that respondent could obtain them; and it is not true that they had no opportunity to examine the pleas. Respondent never hindered them from seeing the papers; they never sought them from him. Mrs. Furse came repeatedly to respondent's office, talked of the case, admitted the indebtedness on the note, and said that Simmons & Corrigan were not her attorneys, etc. If she made any such settlement with the plaintiff as alleged, it was not valid as to respondent, but was a scheme of her and her counsel to defeat his lien for fees. If the statement as to such settlement be true, defendant had ample time in which to have presented a plea of former recovery. Respondent denies that he spoke or acted in any manner to deceive or mislead defendant's counsel. It is not true that Corrigan consulted

with him about the case's going over until Friday. Nothing was said in their conversation about its going over. Respondent did not know when the case might be reached; and when on Thursday morning, he entered the court-room and found that it was rapidly being approached, he was almost as much surprised as were defendant's counsel when they learned that the case had been passed. Respondent's fee has not been paid him, and plaintiff resides at Birmingham, Alabama. No person had a right to settle the suit until respondent's lien was satisfied. At the time of taking the judgment, respondent exhibited to the court the original note, informing the court at the time that a plea of general issue and set-off was there but not sworn to; and the court took the note, read it, and said it was a proper case for judgment and not verdict, and directed respondent to enter judgment, which he did, after first taking an order of amendment striking the name of J. A. Furse, which was such an amendment as he had a legal right to make. On the same morning, Corrigan came into the court-room, talked with a person there and disappeared, but did not speak to respondent, who was sitting in the court-room fully exposed to view. He said and did nothing to deceive or mislead Corrigan or to send him away.

The following evidence was submitted, at the hearing, for the movant. It was all separately objected to by Rodgers, on the grounds that it was illegal, not part of the face of the record, not duly authenticated, or irrelevant:

Affidavit of movant: Two letters, dated respectively July 6th and 16th, 1888, were received by her from the plaintiff. They are exhibited to this affidavit, are addressed to Rodgers, and in effect state that Rodgers had gone contrary to plaintiff's instructions, and plaintiff did not care for him to have anything more to do with

the note, and had given it to defendant, and Rodgers would be paid for his trouble. With each is an affidavit of plaintiff to the effect that he wrote them to Rodgers through his mother at the dates they bear. Deponent (defendant) went to the office of Rodgers and showed him the letters, and he read them and said he would settle the cases for $200 fees and dismiss them. Deponent paid plaintiff the entire amount of the debt upon the South Carolina judgment about July 19, 1888; and also paid to Geo. H. Bates, attorney of record for plaintiff and for Rodgers, $65.12 in full of attorneys' fees and costs and took his receipt, dated August 21, 1888, which is annexed. Bates told deponent afterwards that he sent Rodgers his fee, which, as she recollects, was $40, and that he (Bates) retained only $10 for his own fee.

Affidavit of Geo. C. Furse, the plaintiff: He called on Rodgers about July 24, 1888, shortly after the South Carolina judgment was obtained, and asked him to dismiss the suit pending in Fulton county, which Rodgers refused to do until his fees were paid. Deponent then offered him $75 if he would let him as plaintiff, and his mother as defendant, out of the suit clear of expense; and Rodgers refused, and said he would not turn the matters loose or dismiss the cases for less than $250. Deponent made no contract to pay Rodgers $250 or any other definite sum; the only agreement was, that Rodgers was to receive a reasonable fee, as set forth in a letter from Rodgers to plaintiff hereunto annexed, dated November 23, 1887, containing this statement: "I will try to collect your note for a reasonable fee." When deponent was in Birmingham, Ala., Rodgers sent him, for his signature, a power of attorney (hereto annexed), giving him full power over the claim as attorney, and authorizing him to proceed in any court in any State, etc. Deponent refused to sign it; and answered

Rodgers, telling him not to pursue the matter in Barnwell, S. C., and told him before suit was brought there and afterwards not to sue there; and Rodgers went contrary to his instruction by so doing. Rodgers has refused to allow the matter to be settled unless he received a $200 or $250 fee, which deponent considered extortionate. He notified Rodgers that the demand against his mother had been settled, in July, 1888, and to dismiss the suit in Fulton superior court.

Letter from Rodgers to plaintiff, at Woodlawn, Ala., dated April 21, 1888, as follows:

"This morning in our superior court, the motion [was] made to dismiss the garnishment in your case *vs.* J. A. and H. A. Furse. The attorneys representing them were at first as gay as crickets; but when they read their petition, I made only a short reply, citing one section of law, and the judge dismissed them. So we hold our garnishment yet. But they say they are coming at us again. I tell you, they seem determined to defeat you if they can. I am doing all that can be done for you. If they move again to dimiss us, we may have to amend our bond. If so, you must furnish me with necessary help to obtain judgment in your favor. Since I learn that they are making every effort to defeat you, I sent the note to Barnwell for suit. This morning I have a postal card from my correspondent there, saying the officer has served writs on both J. A. and H. A. Furse. The fee there is $7.50, advanced by attorney there. Please send that amount to me, as he has charged it to me and calls on me for it. I guess now they will begin to think we are after them all along the line—suits pending here and in Carolina too. You will never get your money, in my opinion, if you ever make any let up now. They will not pay you if you ever agree to let them off without a judgment. Help me to push as vigorously as possible. Can't you give me name of some person here who will go on bond for you, or else some one who lives in your town who owns real estate here? Look around lively and let me know what you can do in that way." ]

An instrument dated July 24, 1888, signed by G. C. Furse, accompanied by a certificate signed by him, with his seal, to the effect that it is a correct copy of the instrument given by him to Mrs. H. A. Furse, and is adopted by him to be used on the hearing of the present motion. It recites that a settlement has been effected between all the parties to suit in question; that the

plaintiff employed Rodgers as attorney, but the terms thereof were limited by instructions; that plaintiff specifically instructed him not to enter suit in Barnwell, S. C., but he did so in disregard of the instruction and exceeded his authority, without plaintiff's knowledge; and that, prior to his ascertaining that suit was so filed there, plaintiff received from defendant the full amount of the note, with interest to May 30, 1888, when he signed an instrument acknowledging settlement in full of the debt; and therefore he now acknowledges full satisfaction of the claim, and authorizes the clerk of the court at Barnwell, S. C., to mark the judgment fully satisfied.

A paper, dated December 1, 1888, signed by G. C. Furse, with his seal, reciting that, Rodgers having refused to dismiss the case as instructed and persisted in pushing it to judgment, "I agree, consent and desire that said judgment may be set aside, in order that justice may be done to defendant and her rights awarded."

The remainder of the movant's evidence consisted of the affidavits of C. J. Simmons, of the firm of Simmons & Corrigan, of T. F. Corrigan, the other member, of Will. Haight, of M. Furse, and of Geo. H. Bates, the attorney in South Carolina, who received the note from Rodgers and brought the suit in that State. The substance of these affidavits may be thus stated: Simmons had a conversation with Judge Clarke on Tuesday night, as to the calendar of cases, and learned that the business of Monday and Tuesday of that week would go over to Thursday and Friday. On Thursday morning, hearing that the court was dismissing some of their cases he went to the court-room, and there found that the dismissed cases had been reinstated, and that that day's business was on the board. He examined the board and found that he had no case thereon, and the Furse case was not there. He left, supposing it would

be tried on the next day. Corrigan was informed of Simmons' conversation with the judge. On Wednesday morning, he went into the court-room, where the bailiff told him that he (Corrigan) was excused till Friday. Rodgers was there, and Corrigan asked him, "Is that so, Rodgers; do we go over till Friday?" to which Rodgers nodded his head affirmatively, saying, " That seems to be what's the matter; it looks that way." Corrigan went down stairs to the telephone in the clerk's office. Rodgers came in and stood near, and heard Corrigan transmit this message to his own office: " Tell Furse that he is excused till Friday." Said Rodgers, " What are you telling him Friday for?" " Why?" said Corrigan; and Rodgers replied, " Don't you know that that thick-headed fellow wont remember anything?" Corrigan had been diligently watching the case for two or three weeks, it having been repeatedly set on the calendar and not reached. He did not go to the court-room on Thursday at all, as he would have done had he not been misled by what Rodgers told him. Marion Furse received the telephone message. Will. Haight heard Corrigan and Rodgers conversing about a case on Wednesday, but did not hear what they said. Bates's affidavit is corroborative of matters in movant's evidence as to the suit in South Carolina, already stated.

Respondent, Rodgers, submitted his own affidavit, as follows : He never heard Corrigan telephone to Marion Furse about the case. He did not know of any settlement between the parties, never was consulted about it, and never consented to it. He has a right to a fee of $250, and it has not been paid him. The plaintiff did authorize him to sue, and in person instructed him to make the money. Plaintiff has not paid him anything for services in this case, nor in several other cases he has managed for him, nor paid the costs in any.

Rodgers' account of his conversation with Corrigan on Wednesday was, that while the two were talking, together with Haight, on other subjects, Marion Furse came into the court-room, and Corrigan said to him, "You may go and come back Friday," and as he was going, said further, "Don't you forget it"; that Rodgers said in a jocular manner, "Tom, you know what a short memory that fellow has"; that Corrigan replied, "Especially about fees"; and that this was the whole colloquy on that occasion, and nothing was said about the case on the calendar.

The court ordered that the judgment be set aside; that the case be reinstated on the trial calendar; and that the defendant have leave to plead to the merits. Rodgers excepted.

Robert L. Rodgers, *pro se.*

Simmons & Corrigan, *contra.*

Simmons, Justice.

Under the facts reported in this case, the trial judge did not abuse his discretion in setting aside the judgment, especially as the plaintiff in the case consented to it. If counsel has any lien for fees in the case, the case can still be tried, and he can secure a judgment therefor. The judgment heretofore taken was for the client's benefit. If the client sees proper not to prosecute the suit, then the attorney's rights arise and he may prosecute the suit in his client's name for the purpose of recovering his fees in the case. The plaintiff may consent for a judgment in his favor to be set aside by the court, but it must be subject to the right of his attorney for fees, and afterwards the attorney may proceed to establish his right for fees, in doing which he must established the plaintiff's right to recover on the state of facts existing at the time the case was first dis-

posed of, independently of the question of fees. *Twiggs* v. *Chambers*, 56 *Ga.* 279; *Coleman & Newsome* v. *Ryan*, 58 *Ga.* 132.                    *Judgment affirmed.*