SWIFT *et al.* v. REGISTER *et al.*

1. Where an attorney at law, upon a fee contingent upon recovery, brought an action to recover damages, and thereafter the plaintiff and defendant between themselves, without the consent of the attorney who brought the suit, settled the matter in controversy, if the latter continue the prosecution of the

cause to recover fees, it is, in any event, indispensable to the maintenance of his action that he prove the material allegations of the original declaration, and establish a liability upon the part of the defendant to his client, the plaintiff. Such liability cannot be shown by the mere opinion of the original plaintiff that he was entitled to recover in that case an amount stated, no facts whatever being stated upon which this opinion was based.

2. In the present case the evidence, otherwise than as above indicated, being wholly silent upon the question of the defendants' liability, no case for a recovery was made, and the court did not err in directing a verdict for the defendants.

October 21, 1895.

Action for damages. Before Judge Smith. Wilcox superior court. March term, 1895.

The case of Swift and Swift against Register, Wylly and Schmidt came on. to be tried. Plaintiffs' counsel announced to the court that the parties had met and settled the case in vacation, and that they wished to try the case to secure a judgment against defendants for their fees, said settlement having been made without their knowledge or consent and without any authority to settle their lien for fees. The case proceeded, and at the close of the evidence the judge ruled, that the settlement having been made with the knowledge, consent and approval of Hal Lawson, "one of the attorneys of record" in the case, the defendants were relieved from liability for fees to plaintiffs' attorneys, and directed a verdict for defendants, which verdict was rendered. "Plaintiffs" excepted, alleging that the court erred, in holding that plaintiffs' counsel could not recover their fees from defendants under the facts of the case, and in directing said verdict.

Taylor, one of plaintiffs' counsel, testified, that he wrote out the original petition in the case, and he and Col. Hal Lawson wrote from that the petition filed in the case upon which the trial is now being had. Witness is the leading and original counsel in the case. His contract with plaintiffs was and is that his fee was one half that he recovered.

He had not been consulted about the settlement, nor had he given any one authority to settle his fees or lien therefor. Swift, one of plaintiffs, testified, that they and defendants have settled the case. Plaintiffs got $900 for this and two little cases. In the settlement this case was estimated at about $600. This case covered dealings for $30,000 to $40,000 worth of lumber, and there was justly due to plaintiffs on this case $1,300.

For the defendants, Lawson testified: Taylor first wrote out the petition, and then he and I put it in shape and made the original petition. Plaintiffs consulted me about the settlement of the case, and I told them to settle it. I had no authority to settle any fees due the other counsel, and did not do so. D. H. Pope, one of counsel, represented plaintiffs in the motion made to transfer the case to U. S. Court. I was of counsel in the case.—It appears that the original petition was signed: "D. H. Pope & Son, Jordan & Watson, T. C. Taylor and Hal Lawson, plffs. attys."

*D. H. Pope, Jordan & Watson* and *T. C. Taylor*, for plaintiffs. *J. H. Martin*, for defendants.

ATKINSON, Justice.

The official report states the facts. Whether or not the settlement of the original cause of action between the parties, with the approval of one of the counsel for the plaintiffs, is binding likewise upon his associate counsel to the extent of preventing a further prosecution of the suit by the latter for the purpose of recovering a contingent fee, we will not in the present case pause to inquire. This was permitted by the trial court. To the successful prosecution of such an action, after settlement between the original parties, by the counsel employed upon a contingent fee, for the purpose of recovering the fee stipulated to be paid to him in the event of a recovery, it is absolutely indispensable that he should prove by competent evidence

the right of the plaintiffs to recover in the original case. See *Rodgers* v. *Furse*, 83 *Ga.* 115, which is directly in point to this proposition.

When we look to the record in this case, we find no evidence upon which a verdict could possibly rest in favor of the plaintiffs against the defendants had the parties been at issue upon the original suit. The action involved a settlement of accounts between the parties touching the operations of a saw-mill and various other business enterprises between them; and the only evidence of the right of the plaintiffs to recover is to be found in the opinion expressed by one of them, when put upon the witness stand, to the effect that they, the plaintiffs, were entitled to recover $1,300 in this action. This was purely a matter of opinion and conjecture; it was the very question the jury was entitled to try, and the witness was not competent to decide that question for them. With the case in this condition, and upon this main feature of the defendants' liability there being no evidence upon which a verdict could legally be rendered against them, the court did not err in directing a verdict in their favor; and for that reason the judgment of the court below is　　　*Affirmed.*