### 4630. MODLIN, administratrix, *v.* SMITH *et al.*

1. When a motion to dismiss a bill of exceptions depends upon the adjudication of an issue of fact dehors the record, the motion will be overruled, for the Court of Appeals is not a court of original jurisdiction, and as a court of review it has no other jurisdiction than "the correction of errors in law and equity."
2. A debt due by an attorney can not be collected by process of garnishment served upon a debtor of one of his clients, although the attorney may, as a result of his services, have a contingent interest in the debt to the client. A contingent fee of an attorney which is a proportionate part of a judgment recovered by him for his client can not be impounded and subjected to an indebtedness of the attorney by garnishing the judgment debtor. The debtor of the client does not become the debtor of the client's attorney by virtue of the fact that, under the terms of his employment, the lawyer will be entitled to retain a stipulated portion of the recovery as his fee when or after the fund as a whole has been collected.

DECIDED AUGUST 25, 1913.

Garnishment; from city court of Atlanta—Judge Reid. November 5, 1912.

*W. A. James,* for plaintiff in error.

*Moore & Branch,* contra. *Hill & Wright,* for the motion to dismiss.

RUSSELL, J. 1. A motion was made to dismiss the writ of error in the present case. The plaintiff's bill of exceptions was prepared and presented by W. A. James, Esq., who signed it as attorney for the plaintiff in error. The plaintiff in error, through other counsel, now asks that the writ of error be dismissed, upon the ground that it was brought to this court without her authority, and avers that, on the contrary, she specifically directed Mr. James not to file a bill of exceptions, and that after the judgment in the lower court she discharged him. The statements in this motion are verified by her oath, but they are unequivocally denied in the sworn answer, or objections, of the attorney who signed the bill of exceptions. There are other affidavits bearing upon this issue between Mrs. Modlin and the attorney. The motion to dismiss the bill of exceptions must be overruled. This court is a tribunal for the review and correction of errors, and is not a court of original jurisdiction, and for this reason we can not undertake to decide any question the determination of which depends upon an issue as to facts dehors the record and entirely disconnected from the questions sought to be presented therein. We will say in passing that an attorney shown to have been once employed in a case is presumed to continue in that relation, in the absence of positive evidence of his discharge, and that the scriptural dictum, "The laborer is worthy of his hire," is as much applicable to lawyers as to others. Evidence of an attorney's discharge without any recompense for services already rendered should not be viewed with special favor.

2. It appears from the record that Smith, as an attorney representing a Mrs. Randolph in an action against the Seaboard Air-Line Railway for damages for personal injuries, under the terms of his employment was to receive, as a fee for his services, a proportionate part of whatever amount might be recovered by her. There is some dispute as to whether Smith's fee was to be a third or a half of the recovery, but this is immaterial. Mrs. Randolph recovered a verdict against the Seaboard Air-Line Railway for $9,826.31, with interest from the date of the verdict, which was affirmed by the Supreme Court upon the fifth appearance of the case before that tribunal. *Seaboard Air-Line Railway* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887). The judgment was affirmed May 11, 1911, and on June 16, 1911, Mrs. Modlin, the plaintiff in error here, as administratrix de bonis non cum testamento annexo of

Wiley Rice, sued out a garnishment and caused summons of garnishment to be served upon an agent of the Seaboard Air-Line Railway. In the affidavit upon which the garnishment was predicated, the administratrix swore that Smith owed the estate of Wiley Rice $4,655, as principal and interest upon a judgment rendered by the city court of Atlanta on June 23, 1903, and that she had reason to apprehend the loss of that sum, or some part thereof, unless process of garnishment issued. On July 3, 1911, the Seaboard Air-Line Railway filed an answer, in which it denied having in its hands any property or effects belonging to Smith, but stated the facts recited above with reference to the rendition of the judgment against it, and that it was informed that Smith was the owner of and entitled to 33 1/3 per cent. of the judgment in favor of Mrs. Randolph against the railway company as his fee for services as an attorney in obtaining the judgment, and asked a speedy determination of the issue, so that the railway company might be saved further interest. On July 4, 1911, Smith gave a bond conditioned to pay the judgment rendered on the garnishment, and on July 6, 1911, the Seaboard Air-Line Railway issued a voucher for $10,535.17, payable to the order of Smith and his associate counsel, as attorneys of record for Mrs. Randolph, which voucher was endorsed by them and paid on July 11. On September 2, 1911, Smith excepted or demurred to the garnishee's answer, and also traversed the answer of the railway company, and averred that it owed him nothing, and on October 9, 1911, the railway company amended its answer by stating the facts with reference to the issuance and payment of the voucher in settlement of the judgment in favor of Mrs. Randolph. The plaintiff in error, by her attorney, on January 1, 1912, demurred to the traverse and exceptions filed by Smith, upon the ground that no person except the plaintiff or a claimant of the funds in the garnishee's hands can except to the garnishee's answer or traverse it, and that Smith could not except to or traverse the answer of the garnishee, because he himself said that the garnishee owed him nothing. The plaintiff, on January 25, 1912, traversed the garnishee's answer as to the proportionate interest of Smith in the judgment in favor of Mrs. Randolph, and set up that Smith's interest was a half of Mrs. Randolph's recovery, instead of 33 1/3 per cent. The defendant Smith and his surety on the garnishment bond moved the court to enter a judgment dis-

charging the bond and releasing the surety thereon from all liability, and declaring that no money or other property subject to garnishment was impounded by the garnishment proceedings. On November 5, 1912, the court rendered a judgment to this effect.

It is not necessary to deal with the question whether a defendant who denies that the garnishee owes him anything, and denies that the garnishee has any of his money or effects in possession, can except to the answer of the garnishee or traverse it. This point is raised by one of the demurrers filed by counsel for the plaintiff in error, but a ruling upon the exceptions and traverse filed by the defendant Smith is unnecessary, in view of the fact that the trial judge very properly held that the controlling question in the case was whether the contingent interest of an attorney in a debt due by a third person to one of the attorney's clients can be impounded by a proceeding in garnishment at the instance of one who is a creditor of the attorney, but who is not a creditor of the particular client of his in whose favor the judgment was rendered. We think the trial judge correctly held that the summons of garnishment was ineffectual to impound Mr. Smith's interest in the judgment against the Seaboard Air-Line Railway and in favor of Mrs. Randolph, whatever that interest might be, so that the amount represented by this interest could by appropriate judgment against the garnishee be applied in payment of the judgment in favor of Wiley Rice's estate. If this be so, it is immaterial what steps were taken as to the giving of a bond to dissolve the garnishment; nor would it make any difference to whom the Seaboard Air-Line. Railway may have paid the money.

Counsel for the plaintiff in error insists that the whole matter should have been submitted to a jury. Even if the contention of counsel for plaintiff in error, to the effect that the defendant had no right to file either exceptions or traverse, is correct, there was nothing to submit to a jury. Certainly it can not be questioned that the plaintiff had the right to traverse the answer of the Seaboard Air-Line Railway, and she attempted to do so, but, after all, she did not deny any statement of the answer of the railway company, except as to the proportion of Mr. Smith's alleged interest in Mrs. Randolph's recovery. The fact that the verdict rendered against the railway company was in favor of Mrs. Randolph and not in favor of Mr. Smith was undisputed. The first question pre-

sented to the court, therefore, was whether the judgment debt owed by the railway company to one person could be impounded for the purpose of being applied upon an outstanding debt of another person; conceding that the latter person had an undivided interest in the judgment debt. The case is stronger where the latter person's interest (undisclosed in the judgment) in the debt due by the railway company arose by virtue of the fact that it was his fee as an attorney for services rendered in the case than if this interest depended upon other and different circumstances. As a general rule, the interest of a partner can not be reached by a garnishment served on a debtor of the partnership of which he is a member. *Branch* v. *Adam*, 51 *Ga.* 114. The code provides that the interest of a partner in a partnership may be reached by garnishing the partnership, but there is no provision in the law of garnishment, so far as we are aware, for reaching the interest of a partner in the partnership assets by garnishing debts due to the firm. The effect of such a course would apparently be tantamount in its ultimate effect to subjecting, by sale, tangible assets of the partnership to the payment of the debts of one of the partners without first garnishing the partnership, or without garnishing the partnership at all. It may be that any interest of a partner in the assets of a firm can be reached by appropriate proceedings in equity, but the first question the court had to decide was purely one of law, and the city court of Atlanta is without jurisdiction to afford affirmative equitable relief. Conceding that there was a joint ownership by Mrs. Randolph and Smith, as client and attorney, in the fund recovered against the railway company, we do not think that garnishment would be the proper remedy to reach the interest of Smith as a joint owner of this money. 20 Cyc. 1030. A garnishing creditor stands in no better position as against the garnishee than the debtor himself does. *Singer Sewing Machine Co.* v. *Southern Grocery Co.*, 2 *Ga. App.* 545 (59 S. E. 473). So while Smith, as an attorney at law, might collect for his client the amount of the judgment against the Seaboard Air-Line Railway, Smith as an individual—not an attorney at law—could not, by the judgment in favor of Mrs. Randolph, enforce the payment of his interest in that judgment, no matter what his interest might be. Conceding the utmost contention of counsel for the plaintiff in error, to wit, that Smith had a joint undivided interest amounting to half the debt due by the

railway company, the lower court rightly decided that this interest could not be reached by garnishment. A debt due jointly to the defendant and another can not be reached by garnishment in an action against the main defendant. Badger Lumber Co. *v.* Stern, 123 Wis. 618 (101 N. W. 1093, 3 Ann. Cas. 802, and note).

But aside from this view, the judgment of the lower court was right because an attorney at law, where his fee as attorney for the plaintiff is payable by special contract out of the proceeds of the suit, has merely an inchoate lien. *Twiggs* v. *Chambers,* 56 *Ga.* 279; *Coleman* v. *Ryan,* 58 *Ga.* 135; *Rodgers* v. *Furse,* 83 *Ga.* 123 (9 S. E. 669); *Swift* v. *Register,* 97 *Ga.* 448 (25 S. E. 315). The attorney's lien is inchoate as soon as the action is commenced. *Rodgers* v. *Furse,* supra. That it is essential to show the right of the plaintiff to recover, before the lien can be perfected or established, is pointed out in the *Swift* case, supra. Even after judgment the attorney who recovered the judgment has only a lien. This lien can not be disregarded by the debtor who has notice of the lien, either before or after judgment; but it is, after all, but a lien. Civil Code, § 3364.     *Judgment affirmed.*