19943. BRYANT *et al.,* for use, etc., *v.* McCRARY *et al.*

*Wright & Davis, John D. Allen, Lowrey Stone,* for plaintiffs.
*Little, Powell, Smith & Goldstein, A. S. Clay III,* for defendants.

BROYLES, C. J. 1. "By the weight of authority a debt due jointly to defendant and another person not a party defendant, can not be reached by garnishment. This rule is broadly based upon the doctrine that plaintiff's rights can not rise higher than those defendant had, and, as defendant could not alone have sued on the claim, plaintiff can not in effect do so by way of garnishment." 28 C. J. 97, § 125; *Modlin* v. *Smith,* 13 *Ga. App.* 259 (2) (79 S. E. 82).

2. In the instant case W. O. and Pearl Bryant brought a joint suit against J. B. McCrary and Mary W. McCrary upon a promissory note executed by the two defendants and made payable to the two plaintiffs. As evidenced by the note, the debt was due jointly to W. O. Bryant and Mrs. Pearl Bryant. The defendants pleaded that prior to this suit, they had been served with a summons of

garnishment, requiring them to answer what money, property, or effects of *W. O. Bryant* they, or either of them, had, and that on account of the garnishment proceedings they could not lawfully have paid the plaintiffs the amounts claimed by them; that they advised the plaintiffs of the garnishment before the filing of this suit, and informed them that they were ready, willing, and able to pay the note sued on, with the correct amount of interest due thereon, if the garnishment were dissolved, but that they could not pay the note with the garnishment pending; and that, notwithstanding this, the present suit was filed, but it could not lawfully be filed under the circumstances and could not lawfully proceed. The defendants admitted the execution by them of the note sued on, but alleged that they had paid the sum of $128 as interest, and that, although receiving the notice as to attorney's fees, they were not liable therefor, because they did not owe the full amount of interest stated; that having offered to pay, before the filing of the suit, the amount due on the note, if the garnishment were dissolved, and being ready, able, and willing to do so, and being prevented from making payment before the suit was filed, because of the pendency of the garnishment, they should not, in any event, be held liable for attorney's fees, nor should there be any recovery pending the garnishment proceedings. Upon the trial the agreed statement of facts showed that the defendants, J. B. and Mary W. McCrary, filed their answers as garnishees, setting up as the property of *W. O. Bryant* the note payable to *W. O. and Mrs. Pearl Bryant,* and that subsequently a judgment was rendered in the case against W. O. Bryant on the answer of the garnishees. No traverse to the answer was made by the Bryants, nor did they file a claim to the fund set up in the answer. It was also agreed that the sum of $128 should be credited on the note as having been paid as interest. Under the above stated facts and the ruling in paragraph 1 above, the debt jointly due to the Bryants could not be reached by garnishment, and the answer of the defendants set up no valid defense to the instant suit, and the plaintiffs were entitled to recover attorney's fees and the full amount sued for, less the sum of $128 paid as interest.

It is immaterial that the plaintiffs failed to demur to the answer. They nevertheless had the right subsequently to make the point that the answer was insufficient in law, by excepting to the final

judgment in favor of the defendants, as being contrary to law. See, in this connection, *Kelly* v. *Strouse,* 116 *Ga.* 872 (4) (43 S. E. 280) ; *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6-*a*) (116 S. E. 922) ; *So. Ry. Co.* v. *Stephens,* 23 *Ga. App.* 200 (98 S. E. 176). Nor were the plaintiffs estopped from prosecuting this suit because of the facts heretofore stated. It might be otherwise if the answer of the garnishees had correctly stated the facts. However, the answer (whether by negligence or otherwise does not appear) incorrectly stated that the garnishees were indebted to W. O. Bryant, when in fact and in truth they owed nothing to W. O. Bryant as an individual entity, their debt being due jointly to W. O. Bryant and Mrs. Pearl Bryant. The garnishees were not diligent. In making their answer they not only failed to disclose the true facts, but set up false facts (if facts can be false), and the plaintiffs were not estopped because of a judgment founded upon such an answer. Furthermore, it was not incumbent upon the plaintiffs (they not being parties to the suit in which the summons of garnishment was issued) to file a traverse to the answer. Nor were they guilty of negligence because they failed to file a claim in the court where the garnishment was pending. "The remedy by claim afforded by statute . . which allows the interposition of a claim in garnishment cases is cumulative and permissive, not exclusive." *Rutherford* v. *Fullerton,* 89 *Ga.* 353 (2) (15 S. E. 471).

3. The right of the plaintiffs to recover attorney's fees was not affected by the fact that the defendants were entitled to a credit on the note of the $128 paid as interest, and that such a credit was not shown in the notice for attorney's fees served on the defendants. The plaintiffs were entitled to recover attorney's fees on the principal amount of the note and on all of the interest, less $128. See, in this connection, *Smith* v. *Baker,* 137 *Ga.* 298 (2) (72 S. E. 1093) ; *Livingston* v. *Salter,* 6 *Ga. App.* 377 (65 S. E. 60) ; *McMillan* v. *Fourth National Bank,* 18 *Ga. App.* 445 (4) (89 S. E. 635).

4. The foregoing rulings being apparently controlling in the case, it is unnecessary to consider the other questions argued in the briefs of counsel in the case. For the reasons heretofore stated, the judgment of the trial court in favor of the plaintiffs for only half of the amount sued for and no attorney's fees was contrary to law

and the evidence, and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. In the motion for a rehearing it is alleged that this court, in holding that the plaintiffs were not estopped from prosecuting their suit, for the reason that the defendants had incorrectly stated the facts in their answer as garnishees, overlooked the fact that the answer set up, "as an exhibit and a part of the answer, the copy of the note in which it is disclosed that the indebtedness was due jointly to W. O. and Pearl Bryant." It is true that the answer did set forth (as an exhibit) a copy of the note, which showed on its face that the debt was a joint one. However, the answer, notwithstanding its exhibit, *solemnly admitted that the garnishees were indebted to W. O. Bryant as an individual,* when in fact they owed nothing to him as an individual entity, their debt being due jointly to W. O. Bryant and Mrs. Pearl Bryant.

The answer, to say the least, was confused and contradictory, and the plaintiffs were not estopped because of a judgment founded upon it.

*Rehearing denied. Luke and Bloodworth, JJ., concur.*