## WALTHOUR v. THE STATE.

No. 13564. MARCH 11, 1941.

*O. C. Darsey,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, R. L. Dawson, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

REID, Chief Justice. The plaintiff in error was jointly indicted with Johnnie Felder for the murder of Norman Sapp. His trial resulted in a verdict of guilty, with recommendation of mercy, and he excepted to the overruling of his motion for new trial.

In the first special ground of the motion complaint is made "that the court erred in allowing a witness for the State, to wit, Paul H. Sikes, sheriff, to testify, over the objection of counsel for the defendant, that Norman Sapp [the deceased] . . was at one time tried, convicted, and sentenced to the chain-gang from the city court of Hinesville, and that . . the defendant on trial was the prosecutor; the error being: A. That the city court of Hinesville is a court of record, and that the records of the trial of said Norman Sapp, if one was had, would be the highest and best evidence" of the matters testified to. "B. That the purpose of the testimony . . was to show a motive for the killing, . . which was a very material point in the trial of said case; and where the State was permitted to resort to the memory of the sheriff for this material testimony, and not requiring the State to introduce the original records of said trial, which is always the highest and best testimony of what was done, this was error, and very hurtful to the defendant." Counsel for the State makes the point that while it appears in the brief of evidence contained in the record that P. H. Sikes, a witness for the State, testified that the deceased had been tried, convicted, and sentenced to the "chain-gang" in the city court of Hinesville, it does not appear therein that he testified that the defendant was the prosecutor as is alleged in the ground. An examination of the brief of evidence bears out this contention. The mere disclosure of the fact of the *deceased's* trial, conviction, and sentence to the chain-gang in the city court of Hinesville could have worked no injury to the defend-

ant. In fact, counsel does not so insist, but claims that the defendant was prejudiced by the statement that he was the prosecutor in the case, in that this tended to show an enmity between the defendant and the deceased. Since, however, the brief of evidence does not disclose that the witness so testified; and since it should control as to what was the testimony of the witness (*Jenkins* v. *Boone,* 144 *Ga.* 44, 85 S. E. 1042; *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.,* 9 *Ga. App.* 108, 70 S. E. 356; *Woods* v. *State,* 137 *Ga.* 85, 72 S. E. 908), the ground must be held without merit. Aside from this, there are still other reasons why the ground is without merit. No affirmative showing is made therein as to what objection was urged to the introduction of the evidence. It is merely recited that the evidence was admitted over objection, and that this was error for certain reasons. This is not sufficient. See *Norman* v. *McMillan,* 151 *Ga.* 363 (107 S. E. 325). Also it appears that on cross-examination counsel for the defendant elicited the same facts from another witness for the State. See *Wheeler* v. *State,* 179 *Ga.* 287 (175 S. E. 540); *Fluker* v. *State,* 184 *Ga.* 809 (193 S. E. 749).

The remaining ground of the motion is in substance as follows: "Because the court erred in allowing two witnesses for the State to testify with reference to a certain letter, to wit, Paul H. Sikes and Preston Hayes, which said Preston Hayes had received from his mother in South Carolina, some months prior to the death of Norman Sapp, the error being as follows: A. The testimony with reference to this letter was objected to . . because the contents of which, as testified to by Sheriff Sikes, made no reference to the defendant nor to the deceased. . . Neither did the State show that the defendant had ever heard or seen the said letter, which the testimony shows was left at his house, after it was taken there to be read by the defendant's wife, because Hayes coud not read. This testimony could have done and did do the defendant great harm, in that it created in the minds of the jury that there was something harmful to the defendant in said letter, when in fact and truth said jury did not see the letter or hear read the contents, same same [?] was admitted in showing that such a letter was in fact received at the home of defendant some time before the alleged crime was admitted [committed?]." Of course the ground should have been more specific as to what

the testimony was in reference to the letter. Reference to the brief of evidence shows that the witness Sikes testified that he had heard a letter read to the defendant, which was found "under the cloth on the centerpiece in the room" (apparently referring to the defendant's room), which the defendant said was brought there by Preston Hayes and that he (Sikes) had the letter but had lost it. Hayes testified to having taken a letter which he had received from his mother, who lived in South Carolina, to the defendant's house some time before the homicide, so that the defendant's wife might read it to him, but that the letter made no reference to any of the parties, and he did not know whether the defendant saw or heard the letter read. We agree that none of this testimony appears to have been relevant; but ordinarily, "unless in its nature manifestly prejudicial, or the assignment of error shows wherein it was harmful, the admission of irrelevant testimony will not be sufficient ground for the grant of a new trial." *Brown* v. *State*, 119 *Ga.* 572 (46 S. E. 833); *Turner* v. *State*, 138 *Ga.* 808 (76 S. E. 349). *Lanier* v. *State*, 187 *Ga.* 534 (1 S. E. 2d, 405). And we do not believe that a new trial should be granted because of the admission of this testimony, on the theory that the jury might have been led to believe thereby that there was something in the letter detrimental to the defendant, especially since it appears that the letter was written some months before the homicide by a person who did not know the defendant or his codefendant, and that no reference was made therein to any of the parties. In his brief filed in this court counsel states that it was shown that the letter contained a reference to "a killing" which had occurred in a manner similar to that involved in the present case, and that it was the contention of the State that this letter suggested to the defendant the means used to kill the deceased, and thus identified him as a participant in the homicide. This argument not only varies from the ground of the motion, but we do not find that there was any testimony that "a killing" was mentioned in the letter.

The general grounds of the motion are pressed, not because of the want of any evidence to show the defendant's participation in the homicide, or that the homicide was murderous, but because the evidence for the State was in some respects contradictory, and because of the alleged unreliability of the principal witness for the State, who testified as an eye-witness and who appeared to have

several times changed her story of the event in so far as the defendant's participation therein was concerned. The conflicts in the evidence and the credibility of the witnesses were matters to be settled by the jury, and they have done so by their verdict, which has the approval of the trial judge. We must therefore refuse to interfere. *Judgment affirmed. All the Justices concur.*