## MOORE *v.* THE STATE.

JENKINS, Justice. 1. While "all admissions shall be scanned with care, and confessions of guilt shall be received with great caution," and "a confession alone, uncorroborated by any other evidence, shall not justify a conviction" (Code, § 38-420), yet "a conviction may be lawfully had upon a free and voluntary confession, though the same be not otherwise corroborated than by proof of the corpus delicti." *Burns* v. *State,* 188 *Ga.* 22 (3), 28 (2 S. E. 2d, 627), and cit. The conviction of this defendant of murder by shooting the deceased with a pistol was amply authorized by a signed written confession that he shot the deceased in a hold-up, oral confessions to the same effect made in the presence of five witnesses, coupled with testimony as to the free and voluntary character of the confessions, and with proof of the corpus delicti from witnesses who found the deceased immediately after he was fatally shot through the abdomen from the back, and with testimony as to a dying declaration by the deceased just before his death that he had been shot after a demand for his money.

2. The exception to the admission of testimony for the State, from the widow of the deceased, that about ten days before his death she had found at their back window a ladder and garbage-can which she had never seen before, is without merit, because: (1) In admitting the tes-

timony the court "for the time being" preserved the right of counsel to renew his objection, "in which event a *final* ruling will be made on it;" and not only does the record fail to show such a final ruling on objection, but it shows that substantially the same testimony was elicited on cross-examination by the defendant; (2) The testimony was admissible as corroboration of the confessions, which referred to the use of the ladder and can in an attempted previous burglary of the home of deceased. (3) There is a failure to show either what objection was made to the testimony, or on what ground the defendant excepts to its admission. *Walthour* v. *State*, 191 *Ga.* 613 (1, *a*, *b*), 615 (13 S. E. 2d, 659), and cit.; *Worthy* v. *State*, 184 *Ga.* 402 (4) (191 S. E. 457), and cit.

(*a*) Exception is also taken to the admission of testimony by a next-door neighbor of the deceased, that the defendant stated in her presence, as to his having attempted to burglarize the home of the deceased two weeks before the homicide, that he "got a garbage can . . and put it up to the window, and it did not make [him] high enough, and then . . he said he got the ladder from the house next door to me. . . The defendant saw that ladder that day and identified the ladder." There is no merit in this ground, for the third reason stated in the immediately preceding ruling, and the additional reasons: (1) The record shows that substantially the same testimony was given by the witness, without objection; (2) The portion of the testimony as to what the defendant said was an essential part of the confession, and the remaining portion as to his act in identifying the ladder was properly admitted in corroboration of the confession then made, and like confessions made at other times.

3. Confessions "directly admitting the commission of the crime charged . . are direct evidence." *Eberhart* v. *State*, 47 *Ga.* 598 (8). Where, as in this case, the State introduces evidence as to such confessions, coupled with testimony as to their voluntary nature and proof of the corpus delicti, it is not error, especially in the absence of a request, to omit a charge to the jury of the law as to circumstantial evidence. *Brantley* v. *State*, 154 *Ga.* 80 (5) (113 S. E. 200); *Smith* v. *State*, 125 *Ga.* 296, 299 (54 S. E. 127); *Adsmond* v. *State*, 47 *Ga. App.* 444 (4) (170 S. E. 525). *Judgment affirmed. All the Justices concur.*

No. 14124. May 20, 1942.

*J. H. Watson* and *Russell G. Turner,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, E. E. Andrews, D. T. Pye,* and *E. L. Reagan, assistant attorney-general,* contra.