## 34749. MONTGOMERY *v.* THE STATE.

CARLISLE, J. Upon his trial, under an indictment charging him with an assault with intent to murder, the defendant was convicted and sentenced to serve from two to five years in the penitentiary. His motion for a new trial, based on the usual grounds and three special grounds, was denied and he has appealed to this court for a review.

1. Remarks allegedly prejudicial to the defendant, allegedly made by the trial judge during the cross-examination of a witness in a prosecution for assault with intent to murder, cannot be considered by a reviewing court where it does not appear from the ground of the motion for new trial that counsel for the defendant made any objection or motion to declare a mistrial. *Clifton* v. *State,* 187 *Ga.* 502 (2 S. E. 2d 102); *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Morris* v. *State,* 185 *Ga.* 67 (194 S. E. 214). There having been no compliance with the foregoing rule in special ground 3 of the motion for new trial, the ground is defective and will not be considered.

2. Whether or not the introduction of the evidence complained of in special grounds 1 and 2 was so gravely prejudicial to the defendant as to require the grant of a new trial, the trial court's refusal, upon the defendant's motion, to declare a mistrial will not be disturbed where it appears that elsewhere during the course of the trial counsel for the defendant permitted the introduction of, without objection, and elicited upon cross-examination, evidence of the same or similar import. *Walthour* v. *State,* 191 *Ga.* 613 (13 S. E. 2d 659); *Wheeler* v. *State,* 179 *Ga.* 287 (175 S. E. 540); *Fluker* v. *State,* 184 *Ga.* 809 (193 S. E. 749); *Herndon* v. *State,* 178 *Ga.* 832 (4) (174 S. E. 597). These two special grounds are, therefore, without merit.

3. From the evidence adduced upon the trial the jury was authorized to find that the defendant attacked Marion Parks with a "switch-blade"

knife at the home of Corrine Hardin, and severely cut him eight times; that the attack was without provocation and, under all the circumstances, was committed with the intent to murder. While the defense was to the effect that the defendant was the common-law husband of Corrine Hardin, and that the attack was made upon Parks in defense of his home, the jury was authorized to disbelieve this, as the Hardin woman repeatedly denied that the defendant was her husband or that he had any right in her house. The evidence authorized the verdict. The trial court did not err, for any reason assigned, in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

Decided September 19, 1953.

*Nicholson & Fleming,* for plaintiff in error.
*George Hains, Solicitor-General,* contra.