37469. JOHNSON *v.* HIGGINS-McARTHUR COMPANY.

Decided March 17, 1959.

*Carpenter, Karp & Mathews, Edwin W. Ross, Joe Browne,* for plaintiff in error.

*J. D. Tindall, Jr., James K. Rankin,* contra.

QUILLIAN, Judge. ■ Headnote 1 requires no elaboration.

■ Black's Law Dictionary defines the words, "quantum meruit" as: "The common count in an action of assumpsit for work

and labor, founded on an implied assumpsit or promise on the part of the defendant to pay the plaintiff as much as he reasonably deserved to have for his labor."

The same work also defines the words, "quantum valebat" as: "The common count in an action of assumpsit for goods sold and delivered, founded on an implied assumpsit or promise, on the part of the defendant, to pay the plaintiff as much as the goods were reasonably worth."

Code § 3-107 provides: "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."

The first ground of the motion for new trial complains that that portion of the Code section relative to the rendition of valuable service by one party and accepted by another was not given in charge to the jury. Since the suit was not for the value of services accepted by the defendant, the described charge was not applicable to the issues made by the pleadings and proof. *York* v. *Stonecypher*, 181 *Ga.* 435, 437 (182 S. E. 605), and citations.

■ The second ground of the motion for new trial complains that the court charged: "One of the contentions of the case is the plaintiff is entitled to the reasonable value of the services rendered to the defendant in this matter. If you find that there was no special agreement to pay that was binding on both parties, then you would look to the evidence and determine from the evidence what the reasonable value of the services rendered by the plaintiff to the defendant was, and if there was no special agreement, no special promise to pay, then the plaintiff would be entitled to recover the reasonable value of the material that he delivered to the defendant." The excerpt from the charge is assigned as error because incorrect as an abstract principle of law and because it did not permit the plaintiff to recover on *quantum meruit* for services rendered by the plaintiff to the defendant and was for this reason confusing.

While not a model of clarity, the charge was not erroneous for the reasons assigned. The suit was based not upon the principle of *quantum meruit* but upon *quantum valebat*. In short, it was based on the right of the plaintiff to recover for the plates

themselves, a finished product, and not for the services that went into the production of the plates as a separate and distinct item of liability.

Neither of the special grounds shows reversible error, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*