## 44792. OLD EQUITY LIFE INSURANCE COMPANY v. BARNARD.

DEEN, Judge. 1. Where the notice of appeal recites that it is taken from the orders overruling defendant's motion for directed verdict and subsequent judgment overruling its motion for judgment notwithstanding the verdict based thereon, and error is enumerated on these judgments and also on the judgment on the verdict in the case, the appeal is not subject to dismissal. Cf. *Tiller v. State*, 224 Ga. 645 (164 SE2d 137).

2. Verdict and judgment appealed from after the trial of the case renders moot the order on a prior motion for summary judgment not certified and appealed as required by *Code Ann.* § 81A-156 (h). *Patterson v. Castellaw*, 119 Ga. App. 712, 718 (168 SE2d 838).

3. A provision in a disability insurance policy as follows: "If such injury shall wholly and continuously disable the insured for one day or more and require regular visits by a licensed physician or surgeon other than himself, the company will pay . . . benefits at the rate of the regular monthly benefit so long as the insured lives and is so disabled; provided said injury causes total disability and necessitates total loss of time, and prevents the insured from performing each and every duty pertaining to any business or occupation" means that the insurer is liable for the payment of monthly benefits where the insured is so incapacitated that substantially all of the material activities of his former regular employment or any similar employment approximating the same livelihood are reasonably closed to him, thus depriving him of any earning capacity in this respect. *Travelers Ins. Co. v. Stanley*, 117 Ga. App. 445 (2) (160 SE2d 876); *Mutual Life Ins. Co. of N. Y. v. Barron*, 198 Ga. 1, 14 (30 SE2d 879).

4. The following facts are amply sufficient to support a jury verdict in favor of the insured as to whom the insurer, in December, 1967, had refused further monthly disability payments: plaintiff was hit by a train in September, 1965, and suffered compound comminuted fractures of the sacrum, left iliac crest, transverse processes of all lumbar vertebra, ischium and ulna; ruptured bladder and fractures of three ribs. It was impossible to align the pelvic fractures properly, resulting in faulty healing as shown by X-ray. Plaintiff's physician who treated him at the time of the accident and each month

thereafter testified that he must wear a brace, has limited motion of hip and elbow and is and will be permanently disabled from the occupation of a common laborer, and that he does not expect improvement in disability. The plaintiff is a man of little education whose occupation at the time of injury was unskilled heavy labor for a company clearing rights of way and prior to that loading brick and mud for masons in construction work. He testified to constant pain, many difficulties, and impairment of bodily functions.

5. The defendant's termination of payments was based on the report of a physician who examined the insured on a single occasion. The doctor's report, except for isolated observations, is not in evidence, but it contained information acted on by the insurance company indicating that the insured was either a malingerer or self-deluded, and that when not conscious of being under observation he walked upright and without apparent pain, but in the doctor's office was bent over, used a cane, and complained of great pain. The same physician, however, testified by deposition that the insured might have trouble doing common labor work, that he would not particularly want him to do heavy work, that the witness thought he might do some type of light work but would not say that he would not have pain while doing it. The witness for the insurer was asked: "Have you one iota of evidence whatsoever that this man was suited for anything other than as a common laborer?" and replied in the negative. In view of the uncontradicted evidence of the severity of the plaintiff's injuries and faulty skeletal healing, the fact that his only occupation was heavy manual labor, and that the examination by the insurance company doctor on which it relied in stopping payments did not indicate ability to do heavy labor, the facts posed a jury question as to whether the discontinuance of payments was in bad faith.

6. Where bad faith is involved the insured may recover "all reasonable attorney's fees." *Code Ann.* § 56-1206; *New York Life Ins. Co. v. Williamson*, 53 Ga. App. 28 (184 SE 755). A contingent fee may or may not be reasonable, but it is by definition a proportionate part of a judgment recovered by the attorney for his client. *Modlin v. Smith*, 13 Ga. App. 259 (2) (79 SE 82); 7 CJS 1089, Attorney and Client, § 191 (b). It cannot, however, mean a proportionate amount of the sum sued for whether recovered or not, because the

amount sued for is not contingent; it is known from the time of inception of the suit. In the present case the only testimony regarding attorney fees was that on the type action here involved a contingent fee of 1/3 to plaintiff's attorney was usual and customary and was a reasonable fee. However, the witness attempted to define a contingent fee as "a third of what's recovered now and what's anticipated to be recovered in the future," and the jury returned a verdict for attorney fees in the sum of $9,900 based on a recovery by the plaintiff of $3,200 in back payments, $800 penalty, and a directive to continue the payments of $200 per month during disability. The figure was arrived at by taking 1/3 of $200 per month during the lifetime of the insured as shown by the Carlisle Mortality Table and reducing it to present cash value. The happening of the contingency is a condition precedent to the attorney's right to recover a contingent fee and the money must actually have been collected. *Byrd v. Clark*, 170 Ga. 669 (153 SE 737). The attorney here is under the evidence entitled only to 1/3 of $4,000, the collectible judgment in this case, and not to other speculative amounts which could only be determinable in the future involving questions not here adjudicated such as the length of the plaintiff's life and the continuance of his total disability. The costs should be taxed against the appellee since there is a substantial modification of the judgment. See *Empire Mut. Life Ins. Co. v. Allen*, 141 Ga. 413, 418 (81 SE 120) ; *Peninsular Cas. Co. v. McCloud*, 47 Ga. App. 316 (1) (170 SE 396) ; *New York Life Ins. Co. v. Watson*, 48 Ga. App. 211, 214 (172 SE 602).

*Judgment affirmed if plaintiff elects, within 10 days of the receipt of the remittitur of this court in the trial court, to write off attorney fees in excess of the sum of $1,333.33; otherwise reversed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 6, 1969—DECIDED NOVEMBER 5, 1969.

*Zorn & Royal, J. Kenneth Royal,* for appellant.
*Albert E. Butler, Richard D. Phillips,* for appellee.