45564, 45565.   DODD v. NEWTON (two cases).

SUBMITTED SEPTEMBER 16, 1970—DECIDED OCTOBER 30, 1970.

*A. S. Dodd, Jr.,* for appellant.

*Brannen, Clark & Hester, Perry Brannen,* for appellee.

EVANS, Judge. ■ Headnotes 1 through 4 require no further elaboration.

■ Examination of the testimony here objected to as being inadmissible shows the following:

The husband of Mrs. Ruth L. Dodd, who was a practicing attorney, was on cross examination by the plaintiff, and, over objection that it was not germane, was allowed to testify as to contingent fees in Statesboro, Georgia, as follows: ". . . settlement prior to suit a contingent fee would be twenty five (25) percent, settlement after suit filed, thirty three and one-third (33 1/3)." (T. pp. 23,

29, 30). The defendant's attorney, while cross examining Ward Newton, the plaintiff, brought out the same testimony on a larger scale wherein it applied to the entire State of Georgia, without objection, said Newton testifying as follows: "Not only that, I have never, I have never taken a suit wherein damages were produced that I was not paid one third and if I associated with counsel, some other counsel, we divided that one-third. So I am asking to be paid the exact amount I am paid every day, have been paid every day and every other attorney in the State, and you know it, is also paid, unless he makes some peculiar arrangement." (T. p. 98).

This court will take judicial notice that Statesboro is a city in the State of Georgia. See *Owens v. Rutherford,* 200 Ga. 143, 149 (36 SE2d 309); and that Statesboro was incorporated in 1866 and the charter has been amended various times since. See Ga. L. 1889, 1902, 1912, 1947, and others.

The appellate courts of Georgia have held numerous times that where testimony is objected to and admitted and the same testimony is elicited on cross examination, the error, if any, is thereby cured. *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122 (2) (135 SE2d 442); *Moore v. State,* 193 Ga. 877 (2) (20 SE2d 403); *Walthour v. State,* 191 Ga. 613 (1a, b) (13 SE2d 659).

Further, even though this lawsuit is bottomed on quantum meruit, it is still affected by the contingency of the recovery. It is axiomatic that the value of an attorney's services for losing a case is quite different from the value of those services in winning a case, and no one knows this better than the client who must pay the attorney. Thus, in my opinion, admission of the evidence as to the contingent contract, while not governing and controlling the fee to be awarded, was still proper subject matter for consideration by the jury. Here we have a case where there was a recovery; and the plaintiff, an attorney, sets up his claim for the reasonable worth of his services in helping to effect that recovery. Black's Law Dictionary defines quantum meruit as: "As much as he deserved; in pleading, the common count in an action for assumpsit for work and labor founded on an implied assumpsit or promise on the part of the defendant to pay the plaintiff as much as he reasonably deserved to have for his labor."

Can it be doubted that a laborer is entitled to more for his

services for a successful project than for an unsuccessful one? Of course, other elements may be properly considered by the jury also, including the time, work, and inconvenience suffered by the attorney. Suppose, for instance, this case had been lost, and this suit had been brought for attorneys fees for quantum meruit—can it be doubted that the defendant would have come forth with his contention that the services were not very valuable in that they did not accomplish the desired result?

Counsel for appellant cites two cases from other jurisdictions, but they do not support the premise. Dumas v. King, 157 F2d 463 (14) holds that the Fair Labor Standards Act specifically provides for "reasonable attorney's fees" and therefore does not contemplate a speculative or contingent fee. However, in that case $250 was awarded as attorney's fee for recovering $629.72 for overtime compensation, and an equal amount for liquidated damages, and an additional $250 for services necessary in connection with the employer's appeal. Thus $500 attorney fees were awarded as against a recovery of $1,259.44 principal, which is considerably more than 33⅓%. No ruling whatever was made as to the admissibility of evidence as to the contingent fee contract. In the other case, McCrory Stores Corp. v. Irving Trust Co., 91 F2d 947 (3, 4), no ruling was made as to the admissibility of evidence as to contingent fee contracts, and it is readily apparent that the court was fully apprised of such contingent fee contract in making its award. The holding there simply was that "the contract . . . cannot *establish the standard* for compensation." This is a far cry from holding it to be inadmissible for consideration as to what is a reasonable fee under all the circumstances. The defendant's brief also cites Cooper v. Irving Trust Co., 302 U. S. 725 (58 SC 46, 82 LE 560), but this was simply a denial of certiorari in the McCrory case.

Finally, while the decisions of the United States Supreme Court are binding upon our Georgia appellate courts (see *Thornton v. Lane,* 11 Ga. 459, 500; *Thompson v. Eastern Air Lines,* 200 Ga. 216, 222 (39 SE2d 225); and *Hertz v. Abrahams,* 110 Ga. 707, 718 (36 SE 409, 50 LRA 361); those of other Federal courts are not binding upon the Georgia appellate courts. *Morgan v. Limbaugh,* 75 Ga. App. 663, 666 (44 SE2d 394); *Atlantic C. L. R. Co. v. An-*

*derson,* 73 Ga. App. 343, 348 (36 SE2d 435).

In 7 CJS 1122, § 204, it is stated: "Customary Charges; Fees of Others. In determining the value of an attorney's services it is proper to receive evidence as to the price usually charged and received for similar services by other persons of the same profession, in the same vicinity, and practicing in the same court. It has been held, however, that a local usage as to fees is not competent to show the value of services rendered in another state or country; and that, in any case, such evidence is not essential, inasmuch as the court itself is competent to judge with respect to the value of such services."

Having examined each and every error properly enumerated and argued, and finding no harmful error, we must affirm the judgment of the lower court.

*Judgment affirmed. Deen, J., concurs. Hall, P. J., concurs specially.*

HALL, Presiding Judge, concurring specially. The majority opinion holds that evidence of the "contingent fee" schedule of the local bar is relevant and admissible in a quantum meruit suit. I disagree. "A contingent fee may or may not be reasonable, but it is by definition a proportionate part of a judgment recovered by the attorney for his client." *Old Equity Life Ins. Co. v. Barnard,* 120 Ga. App. 596, 597 (171 SE2d 636). It is "payable by special contract out of the proceeds of the suit." *Modlin v. Smith,* 13 Ga. App. 259, 264 (79 SE 82). The "happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen." *Byrd v. Clark,* 170 Ga. 669 (2) (153 SE 737). Quantum meruit is applicable where there is *no* contract and the attorney is merely entitled to the reasonable value of the services he has actually performed. Justice Nesbit has said that where lawyers have no special agreement there is "an implied understanding to pay them a reasonable fee." *McDonald v. Napier,* 14 Ga. 89, 104. His recovery is not "for breach of contract, but is a recovery of reasonable fees in the nature of a quantum meruit . . ." *Dorsey v. Edge,* 75 Ga. App. 388, 392 (43 SE2d 425). It "will give him as much compensation as is fairly merited by his performance as far as it went, to be measured by the reasonable value of the benefit accru-

ing from it." *Sellers v. City of Summerville,* 88 Ga. App. 109, 116 (76 SE2d 99). Quantum meruit gives him only "as much as he reasonably deserved to have for his labor." *Johnson v. Higgins-McArthur Co.,* 99 Ga. App. 260, 264 (108 SE2d 299).

While I believe the admission of the contingent fee testimony was error, I am of the opinion it was not harmful in light of the particular facts and verdict in the case sub judice.