THE STUBBINS HOTEL COMPANY, a Foreign Corporation, Plaintiff and Respondent, v. E. BEISSBARTH and J. V. Williams, Defendants, E. BEISSBARTH, Appellant.

(174 N. W. 217.)

**Appeal and error — instructions of trial court.**

1. Certain instructions of the trial court examined and *held* to be without prejudicial error to the appellant.

**Appeal and error — bills and notes — when evidence not set out in appeal judgment presumed supported.**

2. Where an appeal is taken to this court from a judgment of the district or county court and the evidence is not made a part of the record on appeal, every reasonable presumption will be indulged in support of the judgment. Under te instructions in this case, one of the main issues was whether the defendant Beissbarth signed the note in question as an accommodation maker for Williams or the Linden Hotel and the Stubbins Hotel Company, they being one and the same company. The jury found in favor of the plaintiff, and thus, in effect, found that Beissbarth signed the note as an accommodation maker for Williams, and, in accordance with the rule above stated, it is presumed the evidence sustains the judgment entered upon the verdict returned by the jury.

Opinion filed June 28, 1919. Rehearing denied September 8, 1919.

Appeal from the County Court of Benson County, *O. D. Comstock*, J. Affirmed.

*Sinness & Duffy*, for appellant.

"The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party, who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate

parties. He is not liable to the party accommodated although he also signed for the accommodation of another person, or although a comaker received value from the party accommodated." 8 C. J. 260.

In the absence of statute, the great weight of authority is that the burden of proving considerations is upon the plaintiff. 3 R. C. L. 928; Best v Rocky Mountain Nat. Bank, 37 Colo. 149, 7 L.R.A.(N.S.) 1035, 85 Pac. 1124.

"The burden of showing a want of consideration sufficient to support any instrument lies with the party seeking to avoid it." Comp. Laws, § 5882; Re Garcelon (Cal.) 43 Am. St. Rep. 134; 8 C. J. 994–996; Hammon, Ev. pp. 3, 4.

The instrument imports consideration. When plaintiffs read it in evidence, they became entitled to a presumption, that it was "a valid obligation based upon a good and legal consideration, and the burden of showing that there was want of consideration rested upon the defendant." Bringman v. Von Glahn, 75 N. Y. Supp. 845, cited in 1 Dan. Neg. Inst. 6th ed. p. 221.

"It is of course elemental that a contract has no validity until it is delivered, and if the delivery is conditional the contract has no validity until the condition is fulfilled." 6 R. C. L. 642; 3 R. C. L. 859; Beach v. Nevens, 18 L.R.A.(N.S.) 288, 162 Fed. 129; 13 C. J. 307; First State Bank v. Kelly, 30 N. D. 95; Wilbur v. Stoepel, 82 Mich. 344, 21 Am St. Rep. 568, 46 N. W. 724; Jones v. Jones, 101 Me. 447, 115 Am. St. Rep. 328, 64 Atl. 815.

"As between the accommodated and the accommodation party, the paper is given gratuitously. Between them there is no binding contract, because the accommodation paper is not based upon a consideration." Norton, Bills & Notes, 2d ed. p. 173.

"A promise to answer for the debt, default, or miscarriage of another, in order to be binding, must be in writing, and be supported by a consideration. It is *nudum pactum* unless some benefit accrues to the debtor or to the promisor." Wright v. Threatt, 146 Ga. 778, L.R.A. 1918C, 541, 92 S. E. 640.

One who signs as an accommodation maker after credit has already been extended on the note to the original debtor cannot be held liable because his signature was without consideration. Bank v. Latting (Okla.) 130 Pac. 144, 44 L.R.A.(N.S.) 481 and note; Citizens Trust

Co. v. McDougald, 132 Tenn. 323, L.R.A.1917C, 840, 178 S. W. 432.

*Victor Wardrope* and *L. L. Butterwick,* for respondent.

No consideration need pass to the accommodation maker in order to bind him on a written instrument. Comp. Laws 1913, § 6914; First State Bank v. Kelly, 30 N. D. 84.

The rule is very clearly stated in First State Bank v. Meyer, 30 N. D. 388, 397.

Under the decisions of our supreme court, a defendant setting up new matter by way of an affirmative defense has the burden of proof in regard thereto. Pease v. McGill, 17 N. D. 171; Logan v. Freirks, 14 N. D. 138. The rule is stated in 16 Cyc. 923; State v. Kelly, 30 N. D. 98.

When evidence is not before the court, it will be presumed that the instructions conformed to the evidence submitted. State v. Wood, 24 N. D. 156; State v. LaFlame, 30 N. D. 489; Mills v. Lehmann, 28 S. D. 347, 133 N. W. 807.

"Every presumption and intendment is in favor of the correctness of an instruction under a record on appeal which contains none of the testimony, unless under no possible theory could the same be correct." An appellate court will not presume error. State v. Campbell, 7 N. D. 58; Gress v. Evans, 1 Dak. 387, 46 N. W. 1132.

GRACE, J. Appeal from the county court of Benson county, O. D. Comstock, Judge.

This appeal is from the judgment of the county court of Benson county and from an order denying a motion for a new trial. The action is one to recover upon a promissory note for $347.42, together with the interest at the rate of 8 per cent, signed by the defendants jointly. Williams was not served with the summons. Beissbarth answered separately, denying any consideration for the note; alleging that it was signed by him as an accommodation to the plaintiff, the payee in the note. Defendant also alleges that it was mutually agreed by and between defendant and the plaintiff, the payee, that the payee would not hold this defendant liable on the note and would save the defendant harmless. The court instructed the jury that the sole issue was whether the note was signed as an accommodation to the payee; that upon this question the burden of proof was on the defendant. The only ques-

43 N. D.—13.

tion raised by this appeal relates to the correctness of that instruction. It reads as follows:

"Gentlemen of the jury, it is admitted by the plaintiff and the defendant in this action that the Linden Hotel and the Stubbins Hotel Company are the same parties, or that the Linden Hotel is owned by the Stubbins Hotel Company.

"The court instructs you, gentlemen of the jury, that it is admitted by the pleadings and appears conclusively from the evidence and pleadings that said note in controversy was executed on or about the 15th day of February, 1916, by the defendants E. Beissbarth and J. V. Williams, that is, was signed by them and delivered to the plaintiff; that said note has not been paid by either the defendant E. Beissbarth or the defendant Williams; that demand has been made upon the said defendants for the payment of said note, and that said plaintiff is the owner and holder of said note, and that there is due thereon the sum of $347.-42, and interest thereon at 8 per cent since the 15th day of February, 1916. You should take these matters as the conceded facts in this case. They require no further consideration from you. The only matters in dispute in this case which must be passed upon by you are the conditions under which the note was executed and delivered; as I said before it is the contention of the plaintiff that said note was executed and delivered by the defendant E. Beissbarth as an accommodation maker for the defendant J. V. Williams, and that the consideration therefor was the cancelation of a prior and existing indebtedness for a like amount due plaintiff from Williams, and the acceptance of the note in payment therefor. This the defendant E. Beissbarth denies and contends that he signed and delivered the note as an accommodation maker to the plaintiff, the Linden Hotel, at plaintiff's request and that he did not receive any consideration therefor. Gentlemen of the jury, that is the only issue in this case.

"Gentlemen of the jury, you have heard all of the testimony relating to this case and it is for you to determine which view of the matter is correct. In determining this matter you will take into consideration all the evidence offered, and the court instructs you that the burden of proof is upon the plaintiff to maintain the issue in this case on his part by a preponderance of the evidence. It may be in a case that after the plaintiff has gotten in sufficient facts to entitle him to recover by a

preponderance of the evidence that recovery may be defeated by other facts set up in the answer by said defendants amounting to an affirmative defense in avoidance of the facts set up and proven by the plaintiff. In this case the defendant has set up that notwithstanding the fact that the note was executed and delivered by him, that he is not responsible thereon because at the time of the execution of the note it was executed by him solely as an accommodation maker for the benefit of the Linden Hotel, and that it was made without consideration and that it was agreed between himself and the Linden Hotel that he should not be held liable upon the said note.

"Gentlemen of the jury, I charge you it is incumbent upon the defendant to prove all of the facts set up as an affirmative defense in avoidance of the facts set up by the plaintiff by a preponderance of the evidence.

"I instruct you, gentlemen of the jury, that the mere fact that the plaintiff in this action received a benefit through Mr. Beissbarth signing the note in evidence would not make the plaintiff the accommodated party nor excuse Mr. Beissbarth from paying the note. If the defendant E. Beissbarth executed and delivered the note sued upon to plaintiff for the purpose of paying the debt, if any, which Mr. Williams owed plaintiff, then the defendant is liable on the note, even though he was not personally indebted to the plaintiff."

The execution of the note is admitted by the answering defendant. It is admitted by both parties to the action that the Linden Hotel and the Stubbins Hotel Company are the same party; that the Linden Hotel is owned by the Stubbins Hotel Company. The case was tried to the court and a jury. The jury returned a verdict in favor of the plaintiff. From this, in the state of the record before us, the presumption is that the plaintiff offered competent proof of all the material allegations of the complaint. The evidence in the case is not before us and is no. part of the record on appeal, and every reasonable presumption must be indulged in favor of the judgment. The presumption is that competent evidence was offered at the trial to prove the material allegations of the complaint. An accommodation note is one, as a matter of law, upon which the accommodating party has placed his name without credit. His name is placed on the note for the purpose of accommodating the person to whom he lends his name and credit, and, in the absence of a

special agreement, without expecting to receive any benefit. The real issue in this case is whether the defendant signed the note as an accommodation to Williams or to the Linden Hotel, which is conceded the same as delivering it to the Stubbins Hotel Company. This question was fairly and fully submitted to the jury and the instructions of the court above set forth. The jury found in favor of the plaintiff. It must have found, therefore, that the defendant signed the note as an accommodation to Williams, and we must presume such finding is supported by the evidence, the evidence not being before us. Defendant also relied upon a special agreement with the payee, which is to the effect that it was mutually agreed by and between the defendant and the payee named in said note, that the said payee would not hold this defendant liable thereon, but would save him harmless from the effects thereof. The jury having returned a verdict in favor of the plaintiff, it must be presumed that the defendant failed to introduce competent testimony to sustain the alleged special agreement. In other words, the evidence not being in the record, we must indulge every presumption in favor of the judgment. We think there was no error in the instruction with reference to the burden of proof. The plaintiff established a prima facie case. Defendant denies he received any consideration for the signing of the note, and alleges he was an accommodation maker for the payee, and sets forth the alleged circumstances under which he signed the note. In such case, as a general rule, the burden of proof is upon the defendant to establish his defense. A plea of no consideration is an affirmative defense. Section 5882, Compiled Laws 1913, is as follows: "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

Where, in the defense to a promissory note, there is evidence that the note is obtained by fraud, duress, force, fear, or other unlawful means, or for an illegal consideration or under such circumstances as amount to fraud, it would seem it would be incumbent upon the holder of a note in a suit thereon to prove by a preponderance of the evidence the good faith of the transaction and all the other material allegations of his complaint. We are clear, under all the circumstances in this case and considering the further fact that the evidence is not before us, that there is no error in the instruction given. The assigning of errors upon in-

structions without making the evidence a part of the record on appeal is not looked upon with favor and has been repeatedly disapproved by this court. State v. LaFlame, 30 N. D. 489, 152 N. W. 810; State v. Uhler, 32 N. D. 483, 156 N. W. 220, and in South Dakota in Mills v. Lehmann, 28 S. D. 347, 133 N. W. 807.

Judgment and an order denying a motion for a new trial appealed from are affirmed, with costs.

CHRISTIANSON, Ch. J. (dissenting). This is an action on a promissory note. The defendant pleaded want of consideration. The evidence was such as to make it a question for the jury whether there was any consideration. The trial court instructed the jury that it was incumbent upon the defendant to establish, by a preponderance of the evidence, that he had received no consideration for the note. Defendant predicates error upon this instruction. The majority hold that the instruction was proper. I believe that it was erroneous. There is no question but that the holding of the majority has some support in the authorities. But much of such support is more apparent than real. Corpus Juris (8 C. J. 996) says that the decisions sustaining the views of the majority, "while for the most part apparently without qualification on their face, are subject to explanation, at least according to the rules laid down in many jurisdictions, by adding that what is meant is that defendant must produce some evidence to overcome the presumption of consideration arising from the production of the instrument, in order to shift to plaintiff the necessity for proving facts relating to the consideration. In other words the rule, at least in most of the states, is that although a bill or a note imports in itself a consideration, yet when evidence has been introduced to rebut the presumption of consideration the burden shifts to plaintiff to show by a preponderance of the evidence that there was a consideration; and this is so even where the instrument on its face recites a consideration as by the use of the words 'value received.'" Ruling Case Law (3 R. C. L. p. 928) says: "There has been much discussion, not a little confusion, and some real conflict among the decisions, respecting the party on whom rests the burden of proof as to consideration vel non. There seems to be no doubt, however, but that the burden of proof is upon the plaintiff to establish the fact that the instrument was given for a valuable consideration. While the produc-

tion of the note, with the admission or proof of the signature, makes a prima facie case, and upon the evidence of the instrument itself, the plaintiff is entitled to a verdict, unless there is some other evidence to affect it; yet when consideration is denied in the answer, there is an issue made upon that point, on which the plaintiff has the affirmative; and the presumption being prima facie only, and not conclusive, the burden of proof necessarily rests upon the plaintiff to show a consideration by a preponderance of the whole evidence given on the trial of the issue. There being other evidence on both sides, which has a bearing upon the question of consideration, the burden remains upon the plaintiff upon all the evidence produced, including the note itself and the presumption that arises from it, to establish what he, in the declaration in his writ, has necessarily alleged. The weight of the evidence, or, as it is otherwise expressed, the preponderance of the evidence, may vary from side to side as a trial progresses; but the burden, which rests upon the plaintiff, to establish the material averments of his cause of action by the preponderance of all the evidence, never shifts. The party who maintains the affirmative of an issue carries the burden of proof through the whole case, although he may be aided by such a rebuttable presumption of law, or such facts, as would prima facie support his contention. His opponent need do no more than counterbalance the presumption or prima facie case. Nor does it make any difference that the instrument contains the words 'value received.' " In my opinion the rule just stated is the correct one.

The majority members, however, invoke § 5882, Comp. Laws 1913, which provides that a party who seeks to invalidate or avoid a written instrument has the burden of showing want of consideration. This, and the preceding section, do not relate to negotiable instruments, but to other written contracts. Under the common law an adequate consideration was necessary to give validity to contracts not under seal. In case of suits upon simple contracts it was necessary to allege and prove a consideration. Peasley v. McFadden, 68 Cal. 611, 10 Pac. 179. This rule, however, did not apply to negotiable instruments; in suing upon them it was not necessary either to allege or, in the first instance, to prove consideration. 3 R. C. L. pp. 836, 837; 8 C. J. 867. The purpose of §§ 5881, 5882, Comp. Laws 1913, was to change the common-law rule in this state with respect to simple contracts (Peasley v. Mc-

Fadden, supra), and to extend to all simple contracts in writing the presumption which originally attached only to negotiable instruments. 13 C. J. 760; 6 Am. & Eng. Enc. Law 762.

The Negotiable Instruments Law provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Comp. Laws 1913, § 6909. "Absence or failure of consideration is matter of defense as against any person not a holder in due course." Comp. Laws 1913, § 6913. "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some other person under whom he claims acquired the title as a holder in due course." Comp. Laws 1913, § 6944.

These provisions are applicable in this case. They are in harmony with the rule announced in Ruling Case Law quoted above, and in conflict with the rule announced by the majority members in this case. Under the rule adopted by the majority the ultimate burden of proof is cast upon the defendant to disprove the consideration, but the statutes referred to only cast upon him the burden of overcoming the presumption or prima facie case. In case the testimony is equally balanced, defendant succeeds; not the plaintiff, as held by the majority.

BIRDZELL, J. I concur in the dissenting opinion of Mr. Chief Justice CHRISTIANSON.