[File No. 7310]

JOE BLASL, a sole trader, doing business under the firm name and style of Farmers Supply Company, Respondent, v. HERBERT PETERSON, Appellant.

(53 NW2d 856)

Opinion filed June 5, 1952

Wm. L. Paulson, and Philip L. Scherer, for appellant.
Roy K. Redetzke, for respondent.

CHRISTIANSON, J. This is an appeal from an order denying defendant's motion for leave to serve and file an amended answer. The action was brought in December 1946 to recover upon a certain check in the sum of $433.50 which it is alleged that the defendant executed and delivered to the plaintiff on August 2, 1946; and which check it is alleged was presented to the bank on which it was drawn on August 8, 1946, in due course of busi-

ness for payment but was not paid and that due notice of such non-payment was given to the defendant but that the defendant has failed to pay the amount of the check or any part thereof. The defendant appeared by his attorney and interposed an answer wherein he admitted that the plaintiff is a sole trader doing business under the firm name and style of Farmers Supply Company but denied specifically all the other allegations of the complaint. On December 16, 1950, the defendant's attorney moved the court pursuant to notice for leave to amend his answer. The proposed amended answer admitted the execution and delivery of the check described in the complaint and alleged that the check was executed in payment of a certain piece of farm machinery sold by the plaintiff to the defendant, that it was represented and guaranteed that if the said machinery did not work satisfactorily that the defendant could return it and get his money back or the indebtedness would be cancelled; that in reliance upon such guarantee and representation, defendant took the machinery home and attempted to use it but found that it was defective and that it was not reasonably fit for the purpose for which it was purchased and that after about a day and a half's use he learned that the express and implied warranties were broken; that the defendant thereafter notified the plaintiff of the defects and asked him to correct the same but that plaintiff failed and refused to do so and that thereafter the defendant rescinded the purchase of the machinery and offered to return same to the plaintiff; that the plaintiff refused to accept the machinery and has failed to return and cancel the check.

No showing by affidavit or otherwise was made in support of the application for leave to serve and file an amended answer. Defendant's counsel merely presented the proposed amended answer. The trial court after due consideration made an order denying defendant's application for leave to serve and file an amended answer, and filed a memorandum decision wherein he said in part:

"Notice of trial was served and filed together with a note of issue in January, 1947, but the papers were not filed in the office of the Clerk of this Court until January, 1948, too late to place the said action on the calendar for trial at the February, 1948,

term of this court. The parties later agreed by correspondence to waive a jury trial and to have the matter heard by the court.

"Five regular terms of the court were held between the date when the action was placed upon the calendar for trial and the date of the service of defendant's motion for leave to amend. Correspondence between the attorneys for plaintiff and the Clerk of the Court discloses that plaintiff attempted to have the case set for trial several times and that such attorneys also corresponded with defendant's attorney attempting to get the action on for trial before the court. . . .

"No explanation was offered at the hearing on said motion as to why such defense was not interposed at the time the first answer to the action was made by defendant.

"During the pendency of the action the attorney for plaintiff, who drew the original complaint, has closed his office and is no longer engaged in the practice of law in this state. The present attorney for plaintiff . . . had, until service of the present motion, the right to believe that although defendant was cognizant of the proposed defense that he had elected to waive the same and to stand upon his original defense of general denial."

Respondent's counsel has moved the court to dismiss the appeal on the ground that the order is not appealable. The motion must be denied. Under the rule heretofore announced by this court such order is appealable. See LaDuke v. Wylie Co. 77 ND 592, 44 NW2d 204. See, also, County of Pembina v. Nord, 78 ND 473, 49 NW2d 665. Under the provisions of NDRC 1943, 28–0736, any pleading may be amended as a matter of course at any time within twenty days after it is served or at any time before the period for answering expires. But amendments to a pleading may not be made as a matter of right after the expira tion of the time provided by such statute. White v. The Mayor, etc. of New York, 14 Howard's Practice Reports p 495; Tripp v. City of Yankton, 10 SD 516. Applications for leave to serve and file and amended pleading are addressed to the sound discretion of the trial court. Loverin-Browne Co. v. Bank of Buffalo, 7 ND 569, 75 NW 923; Ennis v. Retail Merchants Ass'n. Mut. Fire Ins. Co. 33 ND 20, 156 NW 234; Flamer v. Johnson, 36 ND 215, 162 NW 307; Beauchamp v. Retail Merchants Ass'n. Mut. Fire

Ins. Co. 38 ND 483, 496, 165 NW 545; 71 CJS pp 598–599; Unger v. Goldman et al. 12 Cal CA2d 129, 54 P2d 1126, 1128.

In Loverin-Browne Co. v. Bank of Buffalo, supra, this court said:

"The allowance or rejection of amendments to pleadings is a matter resting largely in the discretion of the trial court, and its action should not be reviewed by an appellate court except in clear cases of abuse of discretion." Syllabus 3.

Corpus Juris (4 CJ 798–799) says:

"Since it will be presumed, on appeal, in the absence of a showing to the contrary, that the discretionary powers of the lower court have been exercised without abuse, the burden of showing abuse is on the party complaining. . . .

"An amendment of pleadings is a matter which rests in the sound discretion of the trial court, and an order granting or denying a motion for an amendment is not reviewable except in case of an abuse of discretion, which must affirmatively appear."

When a defendant interposes his answer he should set forth therein such matters of defense as are known to him, and which he intends to assert.

"An application for leave to amend should make a showing of facts justifying the exercise by the court of its discretionary power, and supporting affidavits by a proper person indicating the necessity of the amendment may be required." 71 CJS Sec 304, p 686.

In Beauchamp v. Retail Merchants Ass'n. Mut. Fire Ins. Co. 38 ND 483, 498, 165 NW 545, 550, this court said:

"A party who desires to apply to a trial court for leave to amend a pleading has the burden of sustaining his application, and should show some reason justifying or requiring the court to grant the amendment. The application is addressed to the court's discretion. The discretion should be exercised to promote the ends of justice. The presumption is that it was so exercised. On appeal it must be shown that the discretion has been abused."

Unnecessary delay in applying for leave to amend may be a ground for the court's refusing, in the exercise of discretion to allow an amendment,

Corpus Juris Secundum (71 CJS pp 598–599) says:

"The allowance of an amendment of a pleading out of time rests within the sound discretion of the court. Unnecessary delay in applying for leave to amend may be a ground for the court's refusing, in the exercise of its discretion, to allow an amendment, although on the other hand, and also in the exercise of its sound discretion, the court may permit an amendment notwithstanding delay in seeking it. . . .

"Laches will not be excused where the facts on which the proposed amendment is based must have been known to the pleader at the time he filed his original pleading; and a party may properly be denied permission to amend, where the necessity of the amendment was pointed out by the appellate court after a former trial but no attempt was made to amend until the cause again came to trial. A party cannot justify his lache on the ground that the proposed amendment is no surprise to the opposing party, since the latter is justified in believing, where no amendment is filed within a reasonable time; that his opponent means to stand on his original pleading."

In Corpus Juris (49 CJ 535–536) it is said:

"The court will not ordinarily permit defendant to file an amended plea or answer when the matter of defense proposed by the amendment was known to defendant when he filed his original pleading and no valid excuse is given for not including it therein, and a similar rule has been applied where, although facts come to the knowledge of defendant after the filing of his original pleading, he has delayed in seeking to amend, or where his lack of knowledge has been due to his own negligence."

See, also, Paulsen v. Modern Woodmen of America, 21 ND 235, 241, 130 NW 231, 233; Minneapolis Threshing Machine Co. v. Huncovsky, 49 ND 1086, 1091, 194 NW 830; Flamer v. Johnson, 36 ND at p 218, 162 NW at p 308.

In this case the summons and complaint were served upon the defendant on December 31, 1946. Defendant's attorney interposed an answer in January, 1947. Defendant moved the court for leave to amend his answer on December 16, 1950, almost four years after he had interposed his original answer. During all the negotiations and transactions had between counsel for

the respective parties concerning arrangements for the trial of the action nothing was said by defendant's counsel with respect to amending defendant's answer. The first reference to that was made in the motion for leave to amend dated November 29, 1950, and submitted to the court on December 16, 1950. According to the allegations in the proposed amended answer the defendant became aware of the alleged breach of warranty in August 1946 and had full knowledge thereof when the original answer was interposed. There is not even a suggestion of any excuse for failing to set forth in the original answer the new matter that defendant sets forth in his proposed amended answer or for the long delay in proposing the amendment. There is no showing by affidavit or otherwise of the facts alleged in the proposed amended answer and of the ability of the defendant to establish the same upon a trial. The answer was not verified by the defendant, it was verified by his counsel on information and belief. The application for leave to serve and file an amended answer was addressed to the discretion of the trial court. The defendant had the burden in the trial court to sustain the motion for leave to amend by an adequate showing, and he has the burden on this appeal to show that the trial court abused its discretion in denying his application. This he has failed to do.

The order appealed from is affirmed.

MORRIS, C. J., and SATHRE, BURKE, and GRIMSON, JJ., concur.