The MORTON COUNTY BOARD OF PARK COMMISSIONERS, a public corporation, Plaintiff and Appellant,

v.

Joseph John WETSCH et al., Defendants and Respondents.

No. 8237.

Supreme Court of North Dakota.

June 29, 1965.

William C. Kelsch, State's Atty., Mandan, for plaintiff and appellant.

Floyd B. Sperry, Bismarck, for defendants and respondents.

STRUTZ, Judge.

The plaintiff brought eminent-domain proceedings to acquire, for public purposes, certain property belonging to the defendants. The case was tried to the court without a jury. After trial, the court made its award determining the value of the property so taken, and in its order provided that the defendants be awarded attorney fees under the provisions of Section 32–15–32, North Dakota Century Code. The court requested the parties to attempt to agree on the amount of attorney fees to be awarded to the defendants, with the understanding that if an agreement could not be reached a motion be made for the fixing of such fees at a later date.

No agreement was reached by the parties, and the question of attorney fees was presented to the court for determination. The court thereupon made its order awarding the defendants attorney fees in the sum of $3,967, basing such determination on the contingent-fee contract which the defendants had with their attorney. Thereupon, the plaintiff appealed to this court from the award so made.

North Dakota statute provides that the trial court, in eminent-domain proceedings, may, in its discretion, award to the defendant reasonable actual or statutory costs, or both, "which may include reasonable attorney's fees." The only question for us to determine on this appeal, therefore, is whether the trial court abused its discretion in awarding attorney fees based on the contingent-fee contract of the defendants with their attorney, without a finding that such fees were reasonable for the services rendered.

This court has held that "reasonable attorney's fees" provided for in the above statute are limited to a fair and reasonable sum to be determined by the trial court in each case. United Development Corp. v. State Highway Dept. (N.D.), 133 N.W.2d 439.

In arriving at what is a reasonable attorney fee in each case, the court should consider the character of the services rendered by the attorney, the results which the attorney obtained for his client, the customary fee charged for such services, and the ability and skill of the attorney rendering the services. The fee should not be based on any one single factor, but all of these matters should be taken into consideration. The only requirement is that the fee which the court fixes in each case must be reasonable for the services rendered. Thus the fee which the trial court determines to be the reasonable fee in any given case may be less than the amount which would be due on a contingent-fee contract, and in some cases it

may be more than such fee would amount to. Or the court may, after considering all factors which should be considered in arriving at a reasonable fee, come to the conclusion that the amount due on such contingent-fee contract would be reasonable in the particular case. The basis of such fee, however, must be what is reasonable in that particular proceeding.

In the case before us, the court arrived at the amount of the attorney's fee to be awarded solely on the basis of the contingent-fee contract. The court stated in its memorandum opinion:

"The case having resulted in a recovery after trial in this District Court, the defendant contends that the fee should be 33 and one third per cent of the same. The purpose of statutes of this kind are to bring about a result which will leave the parties whose land is being taken with just compensation for the loss. To make him pay for the services of an attorney and the costs incidental to a trial out of an award of fair compensation would mean that every person litigating in eminent domain actions would suffer a loss which should be borne by the public."

The court then goes on to state:

"In connection with the contingent fee contract, it must be remembered that where the public body makes an offer approximately equal to the amount of the award made by the court, the attorney will get very little for the time and effort devoted to the preparation and trial of the case. It would therefore be unfair to say that the contingent fee contract should apply when the difference is small and not apply when the difference is great."

Thus the trial court based its decision on the matter of attorney fees to be allowed, on the amount due under the contingent-fee contract, and not on what the reasonable fee would be for the services rendered by the attorney in this case. Such award clearly is not within the provisions of the statute which permits only "reasonable attorney's fees." The court made no finding that such attorney fees would be reasonable for services which defendants' attorney had rendered. The only reference to the fees' being reasonable is found in the order for judgment where we read the following provision:

"That the defendants have judgment herein for their costs and disbursements in this action, including their appraisal and expert witness fees, and reasonable attorney fees, as determined by the court, * * *"

■ The fact that the trial court, in its order for judgment, refers to the attorney fees allowed as "reasonable," is without effect when the court, in its memorandum decision, clearly indicates that the fees were arrived at by awarding the defendants the attorney fees which were due under the provisions of the contingent-fee contract, without any reference to whether such fees were reasonable for the services rendered in the particular case for the results obtained, the customary charge for services rendered, and the ability and skill of the attorney rendering such services.

It follows, therefore, that the portion of the judgment appealed from, in awarding attorney fees, must be and it is reversed. Such fees were not based on what the court considered to be reasonable attorney fees in the case. The cause is remanded to the district court for the fixing of reasonable attorney fees in conformity with the statute and with this opinion.

BURKE, C. J., and TEIGEN, KNUDSON and ERICKSTAD, JJ., concur.