The MORTON COUNTY BOARD OF PARK COMMISSIONERS, a public corporation, Plaintiff and Appellant,

v.

Joseph John WETSCH and Lois Wetsch, husband and wife, as joint tenants, et al., Defendants and Respondents.

No. 8290.

Supreme Court of North Dakota.

May 19, 1966.

William C. Kelsch, State's Atty., Mandan, for plaintiff and appellant.

Floyd B. Sperry, Bismarck, for defendants and respondents.

TEIGEN, Chief Justice.

This is the second appeal in this case. On the first appeal (same title, reported in 136 N.W.2d 158), we rejected an award of attorney's fees to the condemnees where it was based on a contingent fee contract for the reason that the award was improper in the absence of a finding that such fee was in fact reasonable as required by Section 32–15–32, N.D.C.C. We remanded the case to the district court for the fixing of reasonable attorney's fee in conformity with the statute and our opinion.

On remittitur, counsel for the defendants moved the district court for the determination of attorney's fee in compliance with the mandate of this Court. A hearing was held, and the district court entered its order determining a reasonable attorney's fee. Thereafter amended findings of fact, conclusions of law and order for judgment were signed by the trial judge, and an amended judgment was entered. This appeal is from that part of the amended judgment awarding the attorney's fee as a part of the costs to the defendants.

The only issue is whether the trial court abused its discretion in finding that Three Thousand Nine Hundred Sixty-seven ($3,-967.00) Dollars was a reasonable attorney's fee.

Section 32–15–32, supra, provides in part that in eminent domain actions "The court may in its discretion award to the defendant reasonable actual or statutory costs or both which may include reasonable attorney's fees." In the first appeal we said the question is addressed to the sound judicial discretion of the trial court. The appellate court will not interfere with rulings on discretionary matters unless an abuse of discretion is shown, which abuse must be a manifest abuse. Bartholomay v. St. Thomas Lumber Company, N.D., 124 N.W.2d 481, and numerous cases cited therein.

It appears no evidence was introduced by either party at the hearing held after remittitur. The trial court heard the arguments of counsel and was asked to make its determination based on the records made before the appeal and the trial court's personal knowledge and familiarity with the case, having presided at the trial.

The trial court in its order of determination of reasonable attorney's fees states in part as follows:

"* * * the court having considered the motion, with the mandate of the Supreme Court, and the arguments of counsel, and having considered all of the files and records in the action, the case having been tried before this court, and the matter having been heard on the 26th day of August, 1965, at 9:30 A.M., Central Standard Time, in the courtrooms of the courthouse, in the City of Bismarck,

North Dakota, the court now finds that reasonable attorney fees in this case are such fees as are fair and reasonable after having been carefully determined by the trial court, and the court having found that counsel for the defendant handled the matter in a careful, conscientious and capable manner, and that the fee charged was the customary fee for such services in the State of North Dakota, in cases of this nature, the same being based upon a contingent fee contract, and that notwithstanding the contingent fee contract, counsel for the defendant handled the matter with ability and skill, and based upon all of those factors, and the decision and mandate of the Supreme Court referred to, the fee charged was reasonable for the services rendered, this being in the sum of $3,967.00, and this amount is awarded to the defendants for their attorney fees herein, this fee being fixed in accordance with the statute, and with the decision of the supreme court."

It is clear the trial court has now determined the amount of the attorney's fee to be awarded the defendants on the basis of a reasonable fee and thus has complied with the mandate of the statute and our opinion in the former case.

The defendant Board of Park Commissioners argues that the trial court abused its discretion in that the fee awarded is excessive.

■ It is a well-established rule that the appellant, in this case the Board of Park Commissioners, has the burden of showing error and establishing affirmatively that the trial court abused its discretion. Lindsay v. Teamsters Union, Local No. 74, N.D., 97 N.W.2d 686; Liberty National Bank of Dickinson v. Daly, N.D., 96 N.W.2d 897; Mousel v. Widicker, N.D., 69 N.W.2d 783, 53 A.L.R.2d 884; Blasl v. Peterson, 78 N.D. 915, 53 N.W.2d 856.

■ It is not necessary for the trial court to receive additional evidence in support of the motion where it presided at the trial and heard evidence on the question of reasonable attorney's fee at the end of the trial. The court is an expert on what is a reasonable fee. Kerr v. Kerr, 74 S.D. 454, 54 N.W.2d 357; Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 115 N.W. 2d 695. The trial judge before whom the action was tried had knowledge of the character of the litigation, the preparation and skill of the presentation, and the results obtained, and could make appraisal of the reasonable value of services rendered with or without the aid of additional testimony. It may consider its own knowledge and experience in making an appraisal of the reasonable value of the services rendered. Evidence was introduced on the question prior to the first appeal which evidence the court was asked to consider and did consider on the hearing after remittitur. However, this record is not before us, as it is not a part of the settled statement of the case on this appeal. Where an appeal is taken to the Supreme Court from a judgment of the district court, and the evidence is not made a part of the record on appeal, every reasonable presumption will be indulged in support of the judgment. Stubbins Hotel Co. v. Beissbarth, 43 N.D. 191, 174 N.W. 217.

We find no basis on which to make the determination that the trial court abused its discretion, and considering all the factors before us we find that the plaintiff as appellant has not sustained the burden of proof and has not affirmatively established an abuse of discretion on the part of the trial court in making the award.

■ In its amended judgment, the trial court also allowed the defendants a motion fee in the amount of One Hundred ($100.-00) Dollars. This allowance was made on the motion made after remittitur to determine a reasonable attorney's fee in accordance with our mandate. Such an allowance we find was clearly erroneous. The error in the first determination is not chargeable to the plaintiff. If chargeable to anyone it is chargeable to the defendants, as it appears it was they who submitted the con-

tingent fee contract to the court as a basis upon which to make the first award of an attorney's fee. The court erroneously adopted it as its basis for making.the first determination, which we reversed. For these reasons we reverse the amended judgment wherein it allowed a motion fee in the amount of One Hundred ($100.00) Dollars.

The district court will modify the amended judgment entered on remittitur by striking therefrom the allowance of One Hundred ($100.00) Dollars, and as modified, the amended judgment is affirmed.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.