The MUNICIPAL AIRPORT AUTHORITY OF the CITY OF FARGO, North Dakota, Plaintiff and Appellant,

v.

Jacque STOCKMAN and Louise Stockman, Defendants and Respondents.

The MUNICIPAL AIRPORT AUTHORITY OF the CITY OF FARGO, North Dakota, Plaintiff and Appellant,

v.

George F. STOCKMAN and Winnifred F. Stockman, Defendants and Respondants, (two cases).

The MUNICIPAL AIRPORT AUTHORITY OF the CITY OF FARGO, North Dakota, Plaintiff and Appellant,

v.

Jacque STOCKMAN, Defendant and Respondent.

The MUNICIPAL AIRPORT AUTHORITY OF the CITY OF FARGO, North Dakota, Plaintiff and Appellant,

v.

William D. STOCKMAN and Betty Stockman, Defendants and Respondents.

Nos. 8777–8781.

Supreme Court of North Dakota.

June 1, 1972.

Solberg, Anderson & Stewart, Fargo, for plaintiff and appellant.

Wattam, Vogel, Vogel & Peterson, Fargo, for defendants and respondents.

KNUDSON, Judge.

These are appeals from the award of attorney fees in eminent domain proceedings brought by the plaintiff against the defendants in each of five separate actions consolidated for trial.

The plaintiff contends that:

1. The trial court erred in granting attorney fees based on several contingent fee contracts between the several defendants and their attorney;

2. The trial court abused its discretion in awarding attorney fees based on the several contingent fee contracts; and

3. The trial court abused its discretion in finding the attorney fees awarded to be reasonable attorney fees.

In these cases each of the several defendants entered into a contingent fee con-

tract with their attorney calling for an attorney fee of 33⅓ percent of the amount of the recovery over and above the offer made by the plaintiff.

The amount of the attorney fees awarded in each case was in the same amount as that computed on the basis of 33⅓ percent of the additional recovery in accordance with the contingent fee contract.

In eminent domain cases our statute provides that the court in its discretion may award reasonable attorney fees, and in part reads as follows:

> The court may in its discretion award to the defendant . . . reasonable attorney's fees for all judicial proceedings.
> . . .

Section 32–15–32, North Dakota Century Code.

The issue presented to us on these appeals is whether or not the trial court abused its discretion in the award of attorney fees in each of the five cases. The determination of the reasonableness of the attorney fees awarded to the condemnee is addressed to the sound judicial discretion of the trial court. This court will not interfere with rulings of the trial court on discretionary matters unless an abuse of discretion is shown, which abuse must be a manifest abuse. Morton County Board of Park Commissioners v. Wetsch, 142 N.W.2d 751, 753 (N.D.1966), citing Bartholomay v. St. Thomas Lumber Company, N.D., 124 N.W.2d 481.

The plaintiff contends that the awards of attorney fees is based solely on the results obtained (the difference between the offer and the amount of the verdict of the jury) in accordance with the terms of the contingent fee contracts, the court having given consideration principally to the terms of the contingent fee contracts, the plaintiff contending that the determination of attorney fees on the basis principally of the contingent fee contracts is not a determination of a reasonable attorney fee as intended by the statute and constituted a

manifest abuse of discretion by the trial court. The plaintiff further contends that the trial court in thus awarding the attorney fees abused its discretion in view of the character of the evidence (which it contends does not support the award) notwithstanding that the court recited necessary factors and guidelines established by the Supreme Court for the trial court to follow in making the determination of a reasonable attorney's fee.

The matter of the allowance of costs and attorney fees was brought on by motion of the defendants before the trial court that heard the main case, supported by the affidavits of the defendants and the return of the Airport Authority.

In the matter of the awards of attorney fees, this Court has laid down in the *Wetsch* cases the following factors, standards, elements and guidelines for the trial court to consider in determining reasonable attorney fees in eminent domain cases:

(1) Character of the services;

(2) The results obtained;

(3) The customary fee;

(4) The ability and skill;

(5) Careful, conscientious and capable manner—customary fee—contingent fee contract—ability and skill.

■ The fee should not be based on any one single factor, but all of these matters should be taken into consideration. The only requirement is that the fee which the court fixes in each case must be reasonable for the services rendered.

■ Where the court awards attorney fees to the defendants in eminent domain proceedings the court must make a finding that such fees, when based upon a contingent fee contract which defendants have with their attorney, are in fact reasonable, based on the character of the services rendered, the results obtained, the fees usually charged for the services rendered, and the

ability and skill of the defendants' attorney.

In Morton County Board of Park Commissioners v. Wetsch, 136 N.W.2d 158, 159 (N.D.1965), we rejected an award of attorney's fees where it was based on a contingent fee contract for the reason that the award was improper in the absence of a finding that such fee was reasonable, as required by § 32–15–32, N.D.C.C., wherein we said:

In arriving at what is a reasonable attorney fee in each case, the court should consider the character of the services rendered by the attorney, the results which the attorney obtained for his client, the customary fee charged for such services, and the ability and skill of the attorney rendering the services. The fee should not be based on any one single factor, but all of these matters should be taken into consideration. The only requirement is that the fee which the court fixes in each case must be reasonable for the services rendered. Thus the fee which the trial court determines to be the reasonable fee in any given case may be less than the amount which would be due on a contingent-fee contract, and in some cases it may be more than such fee would amount to. Or the court may, after considering all factors which should be considered in arriving at a reasonable fee, come to the conclusion that the amount due on such contingent-fee contract would be reasonable in the particular case. The basis of such fee, however, must be what is reasonable in that particular proceeding.

■■ In Morton County Board of Park

Commissioners v. Wetsch, 142 N.W.2d 751, we held, at Syllabus ¶2:

The trial court is expert on value of legal services and may consider its own knowledge and experience in making an appraisal of the reasonable value of legal services rendered.

And, at Syllabus ¶3:

> Where a trial judge presided at the trial, had knowledge of the character of the litigation, observed the skill of the presentation, received evidence of the preparation for trial, and had knowledge of the results obtained, and having considered these factors coupled with his own knowledge and experience, made an award of attorney's fees as being reasonable, such determination will not be overturned on appeal in the absence of an affirmative showing that the trial court abused its discretion.

In Morton County Board of Park Commissioners v. Wetsch, 136 N.W.2d 158 (N.D.1965), we said that:

> In arriving at a reasonable attorney fee for the defendant in an eminent-domain proceeding, various factors may be taken into consideration by the trial court, including the character of the services rendered, the results obtained, the customary charge for such services, and the ability and skill of the attorney rendering such services. [Citing United Development Corp. v. State Highway Dept. (N.D.1965) 133 N.W.2d 439.]

█ The trial court made its orders awarding the attorney fees after the hearing on the motion for the allowance of attorney fees, and considering the motion, the affidavits, the return of the Airport Authority, the briefs filed by the parties, the oral presentations, and the files and records in this case, and stated as follows:

> Likewise considered were the factors involved in arriving at reasonable attorney's fees including the character of the services rendered, the results which the defense counsel obtained for his client, the customary fee charged for such services, the contingent fee contract executed by the landowner, and the ability and skill of the attorney rendering the services. Following the arguments, the Court specifically found that the fee of the attorney was one customarily charged for the services rendered in North Dakota, approved by the North Dakota State Bar Association. In addition, the Court found that the case had been carefully prepared and handled in able fashion by the defendant's counsel, that the results gained were substantially above the plaintiff's offer and the judgment of its appraisers, and that the fees as set forth in the moving papers, representing one-third of the difference between the plaintiff's offer prior to trial to the landowner and the verdict of the jury, are reasonable and proper.

The attorney fees awarded in these five cases was in the aggregate amount of $43,466.83, and was one-third of the amount of the difference between the amount offered of $448,173.00 and the amount of the verdict of $578,573.50.

█ The reasons given by the trial judge fully comply with the factors and guidelines laid down by this court in the *Wetsch* cases, and we find that in making the determination of the attorney fees in these cases that the trial court has not abused its discretion, and considering all of the record before us we find that the Airport Authority has not sustained the burden of proof and has not affirmatively established that the trial court has abused its discretion in making the awards of attorney fees in these cases.

We have reviewed the record in these cases and we find that the awards of attorney fees are amply supported by the record.

The attorney for the defendants was employed for the defendants in December 1969, and the cases were tried in June 1971, a period of over one and a half years of preparation for trial. During that time expert appraisers were employed to evaluate the property, and research was begun in preparation for trial.

Formal offers to purchase were made in October 1970, and thereafter, on rejection

of the offers, separate lawsuits were brought against the several owners.

The trial of the cases (consolidated for trial) continued for three and a half days. The attorney for the defendant was faced with the burden of showing to the jury the value of the property, now used for farming, because of its proximity to the city of Fargo was valuable as residential, commercial and industrial property, calling for an evaluation considerably in excess of the land as used for farming only. The presentation to the jury of these matters of land development, of sewer and water, the availability of land for commercial and industrial use and the effect of the adjacent freeway system, called for great legal skills, techniques, and considerable preparation to properly present these factors to the jury. The effectiveness of the skill and ability of the attorney was evidenced in the substantial increases in the verdicts of the jury over the original offers.

The record reflects the high character of the services rendered, the ability and skill of the attorney, and the careful, conscientious, and capable preparation and handling of the several cases that resulted in the obtaining of verdicts substantially above the offers.

The judgments are affirmed.

PAULSON and ERICKSTAD, JJ., concur.

STRUTZ, Chief Justice (concurring specially).

I concur in the result reached by the majority. In these cases, the attorney for the defendants had entered into contingent-fee contracts with his clients for a proportionate part of any judgment recovered by him over and above the amounts which they had been offered for their land which was being taken by the plaintiff for airport purposes. Such contingent-fee contracts generally are approved. Old Equity Life Insurance Co. v. Barnard, 120 Ga.App. 596, 171 S.E.2d 636 (1969); Pocius v. Halvorsen, 30 Ill.2d 73, 195 N.E.2d 137, 13 A.L. R.3d 662 (1964).

However, while such contingent-fee arrangements may be perfectly valid and proper as between an attorney and his clients, it does not necessarily follow that such fee is a reasonable fee to be taxed against the party taking private property for a public use, as permitted under Section 32–15–32, North Dakota Century Code. I believe this fact should be stressed and it should clearly be pointed out that while in these particular cases the trial court did find the amount of the contingent fees to be reasonable, its findings were based upon the character of the services rendered, the results obtained, the customary charges for such services, and the ability and skill of the attorney rendering the services, and were not in any way based upon the fact that such attorney had been given a contingent-fee contract by his clients. The fee charged is not a reasonable fee because it is a fee which he is permitted to charge his clients under their contingent-fee agreement; it is a reasonable fee because of the character of the services rendered, the results obtained, the customary charges for such services, and the ability and skill of the attorney rendering the services. The contingent-fee agreement, in such situation, should not be considered by the trial court in determining what is a reasonable attorney fee.

With this clarification as to the reasons for affirming the findings of the trial court, I concur in the result with the majority.

TEIGEN, J., agrees with the special concurrence.