Arleigh VIGEN, Plaintiff and Appellee,

v.

MARVEL STEEL, INC., a Foreign
Corporation, and Vern Cope,
Defendants and Appellants.

Civ. No. 9420.

Supreme Court of North Dakota.

March 2, 1978.

As Corrected April 20, 1978.

Letnes, Marshall & Hunter, Grand Forks, for defendants and appellants; argued by Daniel S. Letnes, Grand Forks.

O'Grady & Anderson, Grand Forks, for plaintiff and appellee; argued by Patrick R. Morley, Grand Forks.

ERICKSTAD, Chief Justice.

This is an appeal by Marvel Steel, Inc., and Vern Cope, defendants, from an order of the Traill County District Court granting Arleigh Vigen, plaintiff, leave to amend his complaint. Vigen made a motion to dismiss the defendants' appeal on the ground that such an appeal is not properly before this court and is without merit.

The facts relevant to this appeal are not in dispute. Vigen brought an action against Marvel Steel and Cope for damages arising out of the destruction of a partially erected steel farm building sold to Vigen by Marvel Steel and erected by Cope. In a complaint served on the defendants Marvel Steel and Cope on October 4, 1976 and October 26, 1976, respectively, Vigen originally sought damages in the amount of $9,999. By answers dated November 29, 1976, and January 29, 1977, Marvel Steel and Cope asserted, among other things, that Vigen was not the real party in interest.

On September 30, 1977, a hearing was held on a motion by Vigen to amend the complaint to ask for damages in the amount of $14,685. On October 14, 1977, the Traill County District Court granted the motion. It is from the order granting that motion that Marvel Steel and Cope appeal to this court.

Section 28–27–02, N.D.C.C., sets forth the orders of the trial court which are appealable. Marvel Steel and Cope contend that the order they appeal from is encompassed by Section 28–27–02(5), N.D.C.C. That section reads:

"The following orders when made by the court may be carried to the supreme court:

\* \* \* \* \* \*

5. An order which involves the merits of an action or some part thereof;"

In *Northwest Airlines v. State, Through Bd. of Equal.*, 244 N.W.2d 708 (N.D.1976), in discussing Section 28–27–02(5), N.D.C.C., we said:

"An order by a trial court is interlocutory when it is not dispositive of the action, or some part thereof, in the trial court. Generally, interlocutory orders are not appealable, except that by statute (§ 28–27–02(5), NDCC) all orders may be appealed if they involve the merits of the action. The words 'merits of the action' cannot be clearly defined in any technical legal sense, however, they can be regarded as referring to significant legal rights as distinguished from technicalities relating to only procedure or form."

Does the amendment in this case involve the merits of the action?

Normally, merely amending the amount of damages in the prayer for relief would not involve the merits of the action. Marvel Steel and Cope contend that this case is different in that the amount of damages alleged in the complaint may determine who is the real party in interest in this case. They contend, even though Vigen was paid only a part of his loss by his insurance company, that he must allege damages in an amount greater than he received from his insurance company to be a real party in interest. They claim the amendment would cure or "patch up" the defect in the complaint as it relates to the defense that the plaintiff Vigen is not the real party in interest and that therefore the order granting the motion to amend the complaint involves the merits of the action.

Marvel Steel and Cope rely on *Hermes v. Markham*, 78 N.D. 268, 49 N.W.2d 238, 240 (1951), to support their view that this order is appealable. In *Hermes* the defendant moved to file an amended answer which raised for the first time the real party in interest and contributory negligence defenses and a counterclaim. This court held that the order denying that motion was appealable, saying:

"If the proposed amended answer raises a defense that involves the merits of the case, the order denying it is appealable."

This case, however, is distinguishable from *Hermes*. In this case, the defendants have raised the defense of lack of real party in interest in their answers. They are not, as the defendants were in *Hermes*, being completely deprived of the opportunity to raise this defense.

■ Marvel Steel and Cope contend, however, that this order still involves the merits of the action in that it allows Vigen to cure or "patch up" the defect in the complaint as it relates to the defense that the plaintiff Vigen is not the real party in interest. It therefore, they contend, in effect deprives them of raising their particular theory of the real party in interest defense because the amendment would cure the defect they allege exists. The answer to that contention is found in Rule 17(a), N.D.R.Civ.P. on real party in interest. That section does allow the plaintiff the opportunity to cure or "patch up" his complaint in regard to the real party in interest issue. The relevant part of that rule reads:

" . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after the objection for ratification of commencement of the action by, or joinder or substitution of, the real party in

interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Rule 17(a), N.D.R.Civ.P.

We believe that Rule 17(a), as amended by our court in 1971, indicates an intent to permit "patch ups" of even greater significance than amendments to the prayer for relief in the complaint and therefore hold that such an amendment is permissible thereunder. We hold that the order in this case allowing the amendment does not involve the merits of the action and is not an appealable order.

 In any case, the order is sustainable as a discretionary act of the trial court under our Rules of Civil Procedure.

Rule 15(a), N.D.R.Civ.P., dealing with amendments of pleadings, reads:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

In *Perdue v. Knudson,* 179 N.W.2d 416 (N.D.1970), in discussing Rule 15(a), N.D.R. Civ.P., we said in syllabus ¶ 1:

"1. Rule 15(a) of the North Dakota Rules of Civil Procedure calls for liberality in allowing amendment of pleadings, and the question of whether amendment should be permitted is submitted to the informed, careful judgment and discretion of the trial court. The trial court's decision on this question will not be disturbed on appeal unless an abuse of discretion is shown."

In *Perdue,* we held that the trial court did not abuse its discretion in permitting the defendant to file a second amended answer and counterclaim where the plaintiff made no showing of prejudice. It is likewise true in the instant case that prejudice has not been shown. Accordingly, we find no abuse of discretion.

In so holding, we find it unnecessary to determine the merits of the contention that the amount of damages alleged may affect whether or not a plaintiff is a real party in interest. Whether or not that contention has any merit does not affect our holding that the order in this case is not an appealable order.

Vigen, in his motion to dismiss the appeal, also moved for double costs and reasonable attorneys' fees incurred as a result of this appeal pursuant to Rule 38, N.D.R.App.P. We do not think this is a proper case to award double costs and attorneys' fees, and therefore we will only allow costs pursuant to Rule 39, N.D.R. App.P.

The motion to dismiss the appeal is granted consistent with this opinion.

VOGEL, PEDERSON, PAULSON, and SAND, JJ., concur.