**GEO–MOBILE, INC., Plaintiff and Appellant,**

v.

**DEAN BENDER CHEVROLET, INC., Defendant and Appellee.**

**Civ. No. 11104.**

Supreme Court of North Dakota.

May 14, 1986.

Howe, Hardy, Galloway & Maus, Dickinson, for plaintiff and appellant; argued by Gary A. Ficek.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellee; argued by Paul G. Kloster.

GIERKE, Justice.

The plaintiff, Geo-Mobile, Inc. (Geo-Mobile), appeals from an order of the district court denying its motion to amend its complaint. We reverse and remand.

During November 1983, Geo-Mobile sued Dean Bender Chevrolet, Inc. (Bender) alleging that Bender negligently repaired one of Geo-Mobile's welding trucks. Bender answered by denying liability.

During January 1985, Geo-Mobile filed a motion to amend its complaint to increase its prayer for damages. The amendment was granted. During February 1985, Geo-Mobile took the deposition of a former Bender employee through which, Geo-Mobile asserts, it became aware that it had a possible claim against Bender for breach of express and implied warranties. By motion, dated October 7, 1985, Geo-Mobile requested permission to amend its complaint to include a breach of warranty claim. The motion was resisted by Bender and on October 28, 1985, the district court entered an order denying Geo-Mobile's request to amend its complaint.

On appeal, we are requested to resolve the following two issues:

(1) Whether an order denying a motion to amend a complaint is an appealable order; and

(2) Whether the district court abused its discretion in denying Geo-Mobile's motion to amend its complaint.

Bender asserts that the order denying Geo-Mobile's motion to amend its complaint is not appealable because it does not involve the merits of the case. We disagree. The rule enunciated in the prior cases of this Court, which we follow today, is that an order granting or denying a motion to amend a pleading is appealable if it involves the merits of the case. *Blasl v. Peterson*, 78 N.D. 915, 53 N.W.2d 856 (1952); *Hermes v. Markham*, 78 N.D. 268, 49 N.W.2d 238 (1951). *See also, Vigen v. Marvel Steel, Inc.*, 264 N.W.2d 201 (N.D. 1978). We conclude that the court's order in this case is appealable, because it involves the merits of the action by effectively precluding Geo-Mobile's right to present its breach of warranty claim. *See* Section 28–27–02(5), N.D.C.C.; *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175 (N.D.1981).

Rule 15(a) of the North Dakota Rules of Civil Procedure permits amendments to pleadings and provides that such amendments shall be freely given when justice so requires. It is well settled that the decision on a motion to amend a pleading is within the sound discretion of the trial court and will not be overruled on appeal in the absence of an abuse of discretion by the trial court. *E.g., Bender v. Time Insurance Co.*, 286 N.W.2d 489 (N.D.1979).

When Geo-Mobile filed its motion to amend, neither party had filed a certificate of readiness. Geo-Mobile has explained its delay in raising the warranty claim on the ground that it was not cognizant of the basis for such claim until a former employee of Bender was deposed by Geo-Mobile's counsel during February 1985. Most importantly, Bender has failed to demonstrate that its ability to defend the action would be prejudiced if the amendment were allowed.

Although delay may be a ground for denying a request to amend a pleading,

such amendment should be allowed when justice requires. *Crosby v. Sande,* 180 N.W.2d 164 (N.D.1970); *see also Vasichek v. Thorsen,* 271 N.W.2d 555 (N.D.1978). We are cognizant of the docket currency standards and the need for the trial courts to foster efficient progression of litigation. Nevertheless, in a case such as this, we believe that those concerns are outweighed by the need to allow the plaintiff its day in court with the opportunity to present on their merits all claims for relief. We conclude therefore that the trial court abused its discretion in denying the motion to amend the complaint.

In accordance with this opinion, the order of the district court is reversed and the case is remanded with directions to allow amendment of Geo-Mobile's complaint to include its breach of warranty claim.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.